**BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: ARTIFICIAL INTELLIGENCE MINOR SEXUAL EXPLOITATION LITIGATION | MDL No. 3205 |

**RESPONSE OF INTERESTED PARTY THE STATE OF ARKANSAS, BY AND THROUGH ATTORNEY GENERAL TIM GRIFFIN IN SUPPORT OF MOTION FOR TRANSFER AND COORDINATION OR CONSOLIDATION UNDER 28 U.S.C. § 1407**

The State of Arkansas, by and through Attorney General Tim Griffin, respectfully submits this Brief in Support of the Motion for Transfer and Coordination or Consolidation Under 28 U.S.C. § 1407 (Doc. 3) filed by Plaintiffs Jane Doe 1, Jane Doe 3, Jane Doe 4, Jane Doe 5, Jane Doe 6, and John Doe and for transfer to the United States District Court for the Western District of Arkansas for Coordinated or Consolidated pretrial proceedings before Chief Judge Timothy L. Brooks.

## I. LEGAL STANDARD

Transfer and consolidation under 28 U.S.C. § 1407 is appropriate when actions pending in different judicial districts involve similar questions of fact, and consolidated and centralized pretrial proceedings would "be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a).

Pursuant to 28 U.S.C. § 1407(a), these actions are appropriate for transfer and consolidation into a multidistrict litigation, as (1) the actions involve common questions of fact, (2) consolidation would serve the convenience of the parties and witnesses, and (3) consolidation would promote the just and efficient conduct of this litigation. In selecting a transferee district, the Panel generally considers, among other factors, the location of parties, witnesses, and documents; where the largest

number of actions is pending; the site of the occurrence of the common facts; the convenience and accessibility of the forum; and the experience of the proposed judge. *See* Manual for Complex Litigation (Fourth) § 20.131 (2004); *In re Educ. Testing Serv. Plt 7-12 Test Scoring Litig.*, 350 F. Supp. 2d 1363, 1365 (J.P.M.L. 2004) (selecting district where four of thirteen actions were already pending, the district offered an accessible location, and the assigned judge had complex-litigation experience); *In re Wheat Farmers Antitrust Class Action Litig.*, 366 F. Supp. 1087, 1088 (J.P.M.L. 1973) (considering convenience of parties and witnesses, location of documents, and stage of pretrial proceedings). These factors favor the Western District of Arkansas.

## II. ARGUMENT

### A. TRANSFER OF THE ACTIONS TO ONE COURT FOR CONSOLIDATION OR COORDINATION IS APPROPRIATE UNDER 28 U.S.C. § 1407

Based upon the law and the facts presented here, the actions identified in the Schedule of Actions along with any subsequently filed, should be transferred to one Court for Consolidation or Coordination pursuant to 28 U.S.C. § 1407(a).

### B. THE PANEL SHOULD TRANSFER AND CONSOLIDATE THE ACTIONS IN THE WESTERN DISTRICT OF ARKANSAS.

When deciding whether to transfer a case under Section 1407, the Panel typically considers whether centralization would (1) eliminate duplicative discovery, (2) avoid conflicting pretrial rulings and schedules, (3) reduce litigation costs, and (4) conserve the resources of the parties, counsel, witnesses, and the judiciary. *See* Manual for Complex Litigation (Fourth) § 20.131 (2004) (citing *In re Plumbing Fixture Cases*, 298 F. Supp. 484 (J.P.M.L. 1968)).

In selecting a transferee district, the Panel generally considers, among other factors, the location of parties, witnesses, and documents; where the largest number of actions is pending; the site of the occurrence of the common facts; the convenience and accessibility of the forum; and the experience of the proposed judge. *See* Manual for Complex Litigation (Fourth) § 20.131

(2004); *In re Educ. Testing Serv. Plt 7-12 Test Scoring Litig.*, 350 F. Supp. 2d 1363, 1365 (J.P.M.L. 2004) (selecting district where four of thirteen actions were already pending, the district offered an accessible location, and the assigned judge had complex-litigation experience); *In re Wheat Farmers Antitrust Class Action Litig.*, 366 F. Supp. 1087, 1088 (J.P.M.L. 1973) (considering convenience of parties and witnesses, location of documents, and stage of pretrial proceedings). These factors favor the Western District of Arkansas.

This litigation centers on real children and adults whose ordinary photographs Defendants' Grok system transformed into synthetic sexual abuse material. Most filed cases involve Arkansas children. Based upon information and belief, of the twenty-six plus Doe plaintiffs currently on file, approximately seventeen assert claims arising from conduct in Arkansas, and at least fourteen reside in or near the Western District of Arkansas. Mem. in Supp. at 5–6 (Doc. 3-1). At least nine actions listed in the Schedule of Actions are pending before Chief Judge Brooks in Fayetteville, more than in any other district. *Id*. at 6; Doc. 3-2.

***Location of the Cases.*** More constituent actions are pending in the Western District of Arkansas than in any other district. The Panel has repeatedly recognized the concentration of pending actions as a significant factor in selecting a transferee forum. *See, e.g.*, *In re Fosamax Prods. Liab. Litig.*, 444 F. Supp. 2d 1347, 1349–50 (J.P.M.L. 2006).

***Location of the Victims and Witnesses.*** Northwest Arkansas has the largest concentration of plaintiffs, as well as the parents, caregivers, schools, treating providers, and local law-enforcement witnesses connected to their claims.

***Location of the Harm.*** Defendants designed Grok in California, but the largest concentration of plaintiff-specific injuries occurred in Arkansas, where many of the affected

children and families reside. The affected children, their families, and many of the resulting fact witnesses are located in or near this District.

***Judicial Experience and Capacity.*** Chief Judge Timothy L. Brooks has served on the Western District of Arkansas bench since 2014 and as Chief Judge since September 2025. Plaintiff's Mem. in Supp. at 15. He has substantial experience handling complex litigation, both in practice and on the bench. The District currently has no pending MDL, and Chief Judge Brooks already presides over at least eight constituent actions, giving him familiarity with the issues they present.

***Accessibility of the Forum.*** Fayetteville is geographically central and is served by Northwest Arkansas National Airport, which offers nonstop service to major hubs nationwide. The relevant inquiry is whether the proposed forum is geographically central and readily accessible. *In re Deere & Co. Repair Servs. Antitrust Litig.*, 607 F. Supp. 3d 1350, 1351 (J.P.M.L. 2022). Fayetteville satisfies both considerations.

The Western District of Arkansas satisfies every factor the panel weighs. Arkansas recognizes that the Western District of Arkansas is not a frequent MDL transferee forum. That is not a reason to look elsewhere. The Panel selects the forum that fits the litigation, and the factors the Panel applies—where the actions are pending, where the plaintiffs and witnesses are located, where the common events occurred, the accessibility of the forum, and the experience and capacity of the transferee judge, point here, to the Western District of Arkansas. *See* Manual for Complex Litigation (Fourth) § 20.131 (2004).

## III. CONCLUSION

The State of Arkansas respectfully asks the Panel to grant the Motion and transfer the actions listed in the Schedule of Actions, along with any tag-along actions, to the United States District Court for the Western District of Arkansas for Coordinated or Consolidated pretrial proceedings before Chief Judge Timothy L. Brooks.

Dated: October 26, 2026

Respectfully submitted,

**Tim Griffin**
**ATTORNEY GENERAL**

By: ______________________________
Brittany Edwards, Ark. Bar No. 2016235
Senior Assistant Attorney General
Office of the Arkansas Attorney General
101 West Capitol Avenue
Little Rock, AR 72201
Phone: (501) 682-8114
Email: Brittany.Edwards@ArkansasAG.gov

## CERTIFICATE OF SERVICE

I certify that on October 27, 2026, I electronically filed the foregoing with the Clerk of the Judicial Panel on Multidistrict Litigation using the CM/ECF system, which will send notification of such filing to all counsel of record, and that I served all involved counsel and parties not registered for electronic service in accordance with J.P.M.L. Rule 4.1, as reflected on the attached service list.

/s/ Brittany Edwards