# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| DOE 1, ET AL., | ) | CASE 5:26-CV-26-00772-PCP |
| | ) | 5:26-CV-26-02246-PCP |
| PLAINTIFFS, | ) | 5:26-CV-26-08567-PCP |
| | ) | 5:26-CV-26-09617-PCP |
| VS. | ) | |
| | ) | SAN JOSE, CALIFORNIA |
| X.AI CORP., ET AL., | ) | |
| | ) | OCTOBER 15, 2026 |
| DEFENDANTS. | ) | |
| | ) | PAGES 1-51 |
| ______________________________ | ) | |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE P. CASEY PITTS
UNITED STATES DISTRICT JUDGE

A-P-P-E-A-R-A-N-C-E-S:

FOR THE PLAINTIFF: BERGER MONTAGUE PC
1229 TYLER STREET NE, STE 205
MINNEAPOLIS, MN 55413
**BY: E. MICHELLE DRAKE**

FOR THE PLAINTIFF: LIEFF CABRASER HEIMANN & BERNSTEIN LLP
250 HUDSON STREET, 8TH FLOOR
NEW YORK, NY 10013
**BY: ANNIKA K. MARTIN**

APPEARANCES CONTINUED ON THE NEXT PAGE

OFFICIAL COURT REPORTER: SUMMER FISHER, CSR, CRR
CERTIFICATE NUMBER 13185

PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY,
TRANSCRIPT PRODUCED WITH COMPUTER.

A P P E A R A N C E S: (CONT'D)

FOR THE PLAINTIFF: BAEHR-JONES LAW PC
4200 PARK BOULEVARD NO. 413
OAKLAND, CA 94602
**BY: VANESSA BAEHR-JONES**

FOR THE PLAINTIFF: LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
222 SECOND AVENUE SOUTH, STE 1640
NASHVILLE, TN 37201
**BY: MARK P. CHALOS**

FOR THE PLAINTIFF: GIRARD SHARP, LLP
601 CALIFORNIA STREET, STE 1400
SAN FRANCISCO, CA 94108
**BY: DENA SHARP**
**ADAM E. POLK**

FOR THE PLAINTIFF: BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
218 COMMERCE STREET
MONTGOMERY, AL 36104
**BY: WILSON DANIEL MILES, III**

FOR THE DEFENDANT: SAWYER & LABAR LLP
1700 MONTGOMERY STREET, STE 108
SAN FRANCISCO, CA 94111
**BY: ADRIAN SAWYER**

FOR THE DEFENDANT: KIRKLAND & ELLIS, LLP
1301 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, DC 20004
**BY: K. WINN ALLEN**

FOR THE DEFENDANT: CAHILL GORDON
32 OLD SLIP
NEW YORK, NY 10005
**BY: JOEL KURTZBERG**

FOR THE DEFENDANT: COVINGTON & BURLING, LLP
415 MISSION STREET, STE 5400
SAN FRANCISCO, CA 94105
**BY: ISAAC DANIEL CHAPUT**

SAN JOSE, CALIFORNIA OCTOBER 15, 2026

P R O C E E D I N G S

(COURT CONVENED AT 2:51 P.M.)

**THE CLERK:** CALLING THE NEXT SET OF CASES, 26-CV-772. DOE VERSUS X.AI CORP., AND THE RELATED CASES ARE 26-CV-2246, 26-CV-8567 AND 26-CV-9016.

IF I CAN PLEASE HAVE THE PARTIES COME UP TO THE PODIUMS AND STATE YOUR APPEARANCES FOR THE RECORD BEGINNING WITH PLAINTIFF'S COUNSEL.

**MS. DRAKE:** GOOD AFTERNOON, YOUR HONOR.

MICHELLE DRAKE ON BEHALF OF PLAINTIFFS. I'M WITH THE LAW FIRM OF BERGER MONTAGUE. I FILED THE CASE ENDING IN 772 BUT WILL BE ARGUING, TO THE EXTENT THE COURT WANTS TO HEAR ARGUMENT, ON BEHALF OF PLAINTIFFS IN ALL CASES WITH RESPECT TO THE MOTION TO STAY.

**THE COURT:** OKAY. GOOD AFTERNOON.

**MS. MARTIN:** GOOD AFTERNOON, YOUR HONOR.

ANNIKA MARTIN FROM LIEFF CABRASER HEIMANN AND BERNSTEIN. I AM IN THE CASE THAT ENDS IN NUMBER 2246.

**THE COURT:** GOOD AFTERNOON.

**MS. BAEHR-JONES:** GOOD AFTERNOON, YOUR HONOR.

VANESSA BAEHR-JONES, ALSO 2246, ON BEHALF OF THE PLAINTIFFS.

**THE COURT:** GOOD AFTERNOON.

**MS. BAEHR-JONES:** GOOD AFTERNOON, YOUR HONOR.

**MR. MILES:** MY NAME IS D. MILES WITH THE BEASLEY ALLEN FIRM. I'M COUNSEL IN THE 8567.

**THE COURT:** GOOD AFTERNOON.

**MR. CHALOS:** GOOD AFTERNOON, YOUR HONOR. MARK CHALOS WITH LIEFF CABRASER, ALSO ON 2246.

**THE COURT:** GOOD AFTERNOON.

**MS. SHARP:** GOOD AFTERNOON, YOUR HONOR. DENA SHARP FROM GIRARD SHARP, I REPRESENT DOE 4.

**THE COURT:** OKAY. GOOD AFTERNOON.

**MS. SHARP:** THANK YOU FOR HAVING US, YOUR HONOR.

**MR. POLK:** GOOD AFTERNOON, YOUR HONOR. ADAM POLK, ALSO WITH GIRARD SHARP, ALSO ON BEHALF OF DOE 4.

**THE COURT:** GOOD AFTERNOON.

**MR. ALLEN:** GOOD AFTERNOON, YOUR HONOR. WINN ALLEN FROM KIRKLAND & ELLIS ON BEHALF OF THE X.AI DEFENDANTS.

**THE COURT:** OKAY. GOOD AFTERNOON.

**MR. KURTZBERG:** GOOD AFTERNOON, YOUR HONOR. JOEL KURTZBERG FROM CAHILL GORDON & REINDEL, ALSO ON BEHALF OF THE X.AI DEFENDANTS.

**THE COURT:** GOOD AFTERNOON.

**MR. SAWYER:** GOOD AFTERNOON, YOUR HONOR. ADRIAN SAWYER, ALSO ON BEHALF OF THE X.AI DEFENDANTS.

**THE COURT:** GOOD AFTERNOON.

**MR. CHAPUT:** GOOD AFTERNOON, YOUR HONOR.

ISAAC CHAPUT, COVINGTON & BURLING, ON BEHALF OF THE STABILITY DEFENDANTS.

**THE COURT:** OKAY. GOOD AFTERNOON.

SO UNFORTUNATELY, I DON'T THINK TODAY WILL BE LIKE THE HEARING I HAD EARLIER THIS WEEK WHERE THE ATTORNEY APPEARANCES TOOK LONGER THAN THE FINAL APPROVAL -- FINAL SETTLEMENT APPROVAL HEARING, BECAUSE WE HAVE A LOT TO COVER TODAY.

LET ME SAY, AS A STARTING POINT, IT SEEMS LIKE IT PROBABLY MAKES SENSE TO START WITH THE MOTION TO STAY BECAUSE I THINK THAT IS SORT OF TARGETING OUR REQUEST IN SOME WAYS TO NOT DO ANYTHING AT ALL IN ANY OF THE OTHER CASES, INCLUDING SOME OF THE OTHER REQUESTS FOR RELIEF THAT ARE PENDING BEFORE ME.

SO LET'S HEAR ARGUMENT ON THE MOTION TO STAY TO START, AND I THINK SORT OF MY CONSIDERATION OF SOME OF THE OTHER ISSUES WILL FLOW FROM THAT.

AND THAT BEING THE X.AI DEFENDANT'S MOTION, I WILL HEAR FROM YOU FIRST AND THEN GIVE THE PLAINTIFFS'S COUNSEL AN OPPORTUNITY TO RESPOND.

**MR. ALLEN:** THANK YOU, YOUR HONOR.

AGAIN, THIS IS WINN ALLEN ON BEHALF OF THE X.AI DEFENDANTS.

YOUR HONOR, OUR ASK IS THAT THE COURT STAY THESE CASES UNTIL THE JPML RESOLVES THE PENDING MDL PETITION THAT'S PENDING BEFORE IT. THE CURRENT STATE OF PLAY, YOUR HONOR, IS THAT

THERE ARE 14 FEDERAL CASES PENDING ON THIS ISSUE. THERE ARE NINE IN THE WESTERN DISTRICT OF ARKANSAS, INCLUDING ONE ADDITIONAL ONE THAT WAS FILED YESTERDAY, AND FIVE IN FRONT OF THIS COURT.

**THE COURT:** DOES THE ADDITIONAL ONE REMAIN JUST AN INDIVIDUAL PLAINTIFF CASE?

**MR. ALLEN:** THAT'S CORRECT. THAT'S AN INDIVIDUAL PLAINTIFF CASE.

THE PLAINTIFFS IN SIX OF THE ARKANSAS CASES, AS THE COURT KNOWS, HAS FILED AN MDL PETITION AND THAT WILL BE HEARD ON DECEMBER 3RD AND DECIDED SOON AFTER THAT.

OUR REQUEST IS FAIRLY STRAIGHTFORWARD, YOUR HONOR, THAT WE THINK A STAY IS APPROPRIATE UNTIL THE JPM RULES, MAINLY FOR TWO REASONS: ONE IS IT'S THE MOST EFFICIENT WAY TO PROCEED, IN OUR ESTIMATION, THAT BEFORE WE MAKE DETERMINATIONS ABOUT THE CASE SCHEDULE OR THE PROTECTIVE ORDER OR THE ESI AGREEMENT OR ALL THE VARIOUS THINGS WE HAVE TO AGREE ON, WE HAVE EVERYONE AT THE TABLE, ALL THE PLAINTIFFS, ALL THE LAW FIRMS, WE KNOW WHAT COURT WE ARE GOING TO BE IN, AND WE CAN NEGOTIATE THAT ONCE WITH ALL THE INTERESTED PARTIES PARTICIPATING IN THOSE NEGOTIATIONS, THAT SEEMS THE MOST EFFICIENT APPROACH.

AND THEN TWO IS THE STAY WILL BE RELATIVELY BRIEF. WE WILL HAVE THE DECISION FROM THE JPML, IN ALL LIKELIHOOD, BY MID-DECEMBER AND THEN WE CAN PROCEED WITH ORGANIZING THE CASE IN THE JURISDICTION WHERE THE MDL IS FORMED, IF ONE IS FORMED,

AND THEN PROCEED WITH THAT APPROPRIATELY.

**THE COURT:** HAVE THE X.AI DEFENDANTS DECIDED WHAT THEIR POSITION IS GOING TO BE, BOTH WITH RESPECT TO WHETHER THERE SHOULD BE AN MDL PROCEEDING, AND IF SO, WHERE THAT PROCEEDING SHOULD BE?

**MR. ALLEN:** THE X.AI DEFENDANTS ARE GOING TO SUPPORT THE FORMATION OF AN MDL, YOUR HONOR, WE ARE STILL THINKING THROUGH WHERE WE ARE GOING TO SUPPORT THAT MDL BEING FORMED. THE PLAINTIFFS HAVE ASKED THAT -- THE ARKANSAS PLAINTIFFS HAVE ASKED FOR THE WESTERN DISTRICT OF ARKANSAS.

**THE COURT:** AS THEY WOULD.

**MR. ALLEN:** AS THEY WOULD. OUR RESPONSE IS DUE IN ABOUT TWO WEEKS, WE ARE STILL THINKING THROUGH WHAT OUR POSITION IS GOING TO BE ON WHERE.

**THE COURT:** OKAY.

**MR. ALLEN:** I DID WANT TO RESPOND TO A COUPLE OF THE POINTS THAT WERE MADE IN PLAINTIFF'S MOTION THAT WERE FILED LAST NIGHT.

FIRST OF ALL, THE PLAINTIFFS DO POINT OUT THESE ARE THE ONLY CLASS CASES AND THE ARKANSAS CASES ARE INDIVIDUAL CASES. I WILL SPARE THE COURT MY ARGUMENTS ABOUT WHETHER THESE ARE APPROPRIATE CLASS CASES OR NOT BUT I DON'T THINK THAT THAT SHOULD REALLY MATTER FOR THE PURPOSES OF THE STAY MOTION, OUR POINT IS ALL OF THESE CASES NEED TO BE COORDINATED, WHETHER THEY ARE CLASS CASES OR INDIVIDUAL CASES.

WE CERTAINLY HAVE A STRONG INTEREST IN THEM ALL BEING COORDINATED TOGETHER SO THAT WE ARE NEGOTIATING ONE CASE SCHEDULE, ONE PROTECTIVE ORDER, ONE ESI AGREEMENT AND ONE SET OF THE VARIOUS PROTOCOLS THAT WILL APPLY. SO I DON'T THINK IT MATTERS MUCH THAT THESE ARE THE ONLY CLASS CASES, THE INDIVIDUAL CASES NEED TO BE COORDINATED AS WELL.

SECONDLY, I DO THINK THE APPROACH THAT THE PLAINTIFFS ARE SUGGESTING IS QUITE INEFFICIENT. THEY ARE SAYING LET'S GO AHEAD AND GET A HEAD START, LET'S DO ALL THIS WORK NOW AND THEN THE MDL COURT CAN BUILD OFF OF THAT.

I DON'T THINK THAT'S SENSIBLE FOR TWO REASONS: ONE IS WE JUST DON'T HAVE EVERYONE AT THE TABLE, WE DON'T HAVE ALL THE PLAINTIFF'S FIRMS, WE DON'T HAVE ALL THE PLAINTIFFS, AND I THINK WE NEED ALL THOSE ENTITIES INVOLVED IN ORDER TO HAVE A SENSIBLE NEGOTIATION ABOUT THIS.

WHAT I DON'T WANT TO DO IS SPEND A LOT OF TIME AND EFFORT NEGOTIATING ALL THESE VARIOUS PROTOCOLS AND AGREEMENTS TO JUST HAVE TO REDO THEM.

**THE COURT:** WELL LET ME JUST INTERRUPT.

THE CHALLENGE HERE IS THAT YOU MAY HAVE VERY REASONABLE ARGUMENTS AS TO WHY A COMPLETE SCHEDULE FOR DISCOVERY IN THIS MATTER, A COMPLETE CASE SCHEDULE SHOULD NOT BE SET UNTIL WE KNOW WHETHER THIS IS GOING TO BE AN MDL OR OTHERWISE BECAUSE WE WILL WANT TO ACCOUNT FOR THE NATURE OF AN MDL AND ACCOUNT FOR THAT IN DEVELOPING A SCHEDULE.

I CAN SEE, I GUESS, THAT YOU MIGHT ALSO WANT TO NEGOTIATE ONE ESI AGREEMENT AND AVOID THE POSSIBILITY THAT SOMEONE WOULD LATER OBJECT TO IT, ALTHOUGH IF YOU USE OUR MODEL AGREEMENT, I'M SURE EVERYONE WOULD LOVE IT AND FIND IT PERFECT.

SO THERE ARE SOME ISSUES WHERE NOT PUTTING IN A LOT OF EFFORT UNTIL WE KNOW WHETHER THIS IS GOING TO BE AN MDL DOES MAKE SENSE TO ME, BUT IT DOES STRIKE ME THERE ARE OTHER OUTSTANDING ISSUES THAT ARE GOING TO HAVE TO BE RESOLVED IN THESE CASES, AND SOME OF THEM ARE CASE SPECIFIC AND THERE'S NO REASON TO NECESSARILY PUT OFF THAT.

IN PART, WE ARE NOT DELAYING THINGS BECAUSE WE ARE NOT EVEN TALKING ABOUT THAT GREAT OF A DELAY, SO THAT PUTTING A STAY IN PLACE, I THINK THE TWO BIGGEST ONES, OBVIOUSLY IS STABILITY ARGUING THAT IT'S BEEN IMPROPERLY JOINED IN THIS CASE, AND STABILITY HAS MOVED TO SEVER ITSELF INTO A SEPARATE LAWSUIT. SO I THINK WHETHER STABILITY REMAINS PART OF THESE PROCEEDINGS SEEMS TO BE AN IMPORTANT ISSUE THAT'S GOING TO HAVE TO BE RESOLVED AND IS REALLY SPECIFIC TO THAT PARTICULAR CASE.

AND ALSO THE QUESTION OF, TO THE EXTENT WE HAVE RIGHT NOW FOUR CLASS ACTIONS THAT ARE PENDING, AND IF THOSE FOUR ARE GOING TO BE CONSOLIDATED AND TAKE FORM OF A SINGLE CLASS ACTION GOING FORWARD, THOSE CASES ARE ALL HERE, THAT IS A DECISION THAT'S GOING TO HAVE TO BE MADE AS TO THOSE FOUR CASES AND THAT MOTION HAS BEEN FILED.

SO IT'S HARD FOR ME TO SEE ANY REASON WHY WE SHOULDN'T

MOVE FORWARD, YOU KNOW, NOT HAVE ANYTHING STAYED BUT HAVE THE PARTIES WORK COOPERATIVELY TO UNDERTAKE THE DISCOVERY THAT THEY NEED TO TAKE AT PARTICULAR POINTS OR DO THE THINGS THEY NEED TO DO THAT MAKES SENSE TO DO NOW WHILE UNDERSTANDING THERE ARE SOME THINGS THAT IT'S NOT GOING TO BE PARTICULARLY USEFUL FOR ANYONE TO SPEND A HUGE AMOUNT OF TIME ON THINGS THAT YOU KNOW ARE GOING TO BE ENTIRELY REVISITED IF THE CASE BECOMES AN MDL IN MID-DECEMBER, BUT WHY SHOULDN'T WE DENY THE STAY FOR THE TIME BEING SO THAT WE CAN KEEP MOVING FORWARD AND RESOLVING THESE PARTICULAR ISSUES THAT ARE SPECIFIC TO THE ISSUES THAT THE CASES THAT ARE BEFORE ME?

**MR. ALLEN:** YOUR HONOR, THERE MIGHT BE A FEW SPECIFIC ISSUES LIKE STABILITY -- THE MOTION THAT WE CAN ADDRESS, AND I DON'T THINK WE HAVE ANY OBJECTION TO THAT. MY MAIN FOCUS IS I DO THINK THERE ARE SOME IMPORTANT ISSUES THAT REALLY CAN ONLY BE SENSIBLY DECIDED IN THE CONTEXT OF AN MDL IF AN MDL IS IN FACT FORMED. THE CASE SCHEDULE, THE MOTION TO DISMISS SCHEDULE, THE PO AND ESI AGREEMENTS, WHICH UNFORTUNATELY IN MY EXPERIENCE WHEN THERE IS A LOT OF COOKS IN THE KITCHEN, THOSE CAN TAKE TIME. DISCOVERY PROTOCOLS, THINGS OF THAT NATURE.

I THINK THAT'S THE TYPE OF STUFF THAT YOU HAVE TO HAVE EVERYONE AT THE TABLE FOR BECAUSE IT'S GOING TO GOVERN THE PROCESSES IN THESE CASES FOR YEARS, POTENTIALLY, AND THEY TYPICALLY HAPPEN AT THE BEGINNING OF A FORMED MDL.

SO THERE MIGHT BE A COUPLE OF DISCREET ISSUES LIKE THE

SEVERANCE MOTION, MAYBE THE CONSOLIDATION MOTION THAT WE CAN PROCEED WITH NOW, BUT THE GREAT MAJORITY OF THESE ISSUES THAT PLAINTIFFS WANT TO PUSH FORWARD ON NOW, I REALLY DON'T THINK MAKES SENSE TO START WHEN WE DON'T HAVE EVERYONE AT THE TABLE BECAUSE PEOPLE ARE GOING TO HAVE DIFFERENT VIEWS ABOUT WHAT THE PROTECTIVE ORDER SHOULD LOOK LIKE OR WHAT THE ESI AGREEMENT SHOULD LOOK LIKE OR WHAT THE CASE SCHEDULE SHOULD BE OR WHEN THE CONSOLIDATED AMENDED COMPLAINTS ARE GOING TO BE DUE OR WHAT THE MOTION TO DISMISS SCHEDULE SHOULD LOOK LIKE. ALL OF THAT REALLY SHOULD HAPPEN WITH THE MDL COURT IF AN MDL IS IN FACT FORMED.

**THE COURT:** I MEAN, IN SOME WAYS THE ANSWER TO THAT IS IT'S NOT TO STAY THE LITIGATION, IT'S MAYBE TO SAY, LOOK, WE ARE TALKING ABOUT A DECISION ROUGHLY TWO MONTHS FROM NOW SO LET'S NOT DO THOSE THINGS UNTIL TWO MONTHS FROM NOW.

THAT'S THE THING. I MEAN, IT'S GOING TO TAKE TIME TO NEGOTIATE AN ESI PROTOCOL AND A PROTECTIVE ORDER. WE HAVE A PROPOSED SCHEDULE, OBVIOUSLY, AND WE CAN TALK AT THE CASE MANAGEMENT CONFERENCE FOR THE ONE CASE THAT WE HAVE A CASE MANAGEMENT CONFERENCE SCHEDULED FOR TODAY ABOUT THE PROPRIETY OF SETTING A FULL CASE SCHEDULE AT THIS TIME AS OPPOSED TO WHETHER THERE ARE SOME PARTICULAR DATES THAT WE SHOULD SET AT THIS TIME AND WE SHOULD POSTPONE THE SETTING OF A COMPLETE CASE SCHEDULE UNTIL WE KNOW THERE IS AN MDL. THAT SEEMS LIKE THE BETTER WAY TO HANDLE THE ISSUES THAT YOU ARE RAISING THAN TO

STAY PROCEEDINGS AND JUST NOT HAVE THE CASE MOVE FORWARD.

**MR. ALLEN:** RESPECTFULLY, I THINK THE BETTER APPROACH IS TO GRANT THE STAY BUT MAYBE TO CARVE OUT ONE OR TWO DISCREET ISSUES LIKE THE SEVERANCE MOTION FROM STABILITY OR MAYBE THE CONSOLIDATION MOTION.

BUT I AM WORRIED ABOUT A WORLD IN WHICH NO STAY IS ENTERED AND WE JUST ALL HAVE A LOOSE AGREEMENT THAT SAYS OH, WELL WE WILL DO A LITTLE BIT AND WAIT FOR THE MDL TO BE FORMED, BECAUSE I JUST THINK THAT'S GOING TO LEAD TO A FREE-FOR-ALL WHERE WE HAVE DIFFERENT VIEWS ON DIFFERENT SIDES ABOUT WHAT NEEDS TO PROCEED NOW AND WHAT SHOULD NOT.

AND I TRULY BELIEVE THE MOST EFFICIENT WAY TO PROCEED WITH MOST OF THESE ISSUES, WITH THE CASE SCHEDULE, WITH THE MTD BRIEFING SCHEDULE, WITH ALL THE THINGS WE JUST TALKED ABOUT, IS LET'S HAVE THOSE DISCUSSIONS ONCE WE HAVE AN MDL FORMED WITH EVERYONE AT THE TABLE.

AND I JUST WORRY, YOUR HONOR, THAT IF WE DON'T GRANT A STAY AND FREEZE THAT STUFF THERE'S JUST GOING TO BE A DIFFERENCE OF OPINION ON OUR SIDE AND THEIR SIDE ABOUT WHAT EFFICIENTLY SHOULD PROCEED BEFORE THE MDL IS CREATED, IF ONE IS IN FACT CREATED, AND WHAT DOESN'T.

SO MY SUGGESTION TO THE COURT WOULD BE GRANT THE STAY, IF THE COURT IS INCLINED, MAYBE CARVE OUT ONE OR TWO ISSUES, BUT I DO THINK IT'S IMPORTANT THAT WE RESERVE THE DISCUSSIONS THAT HAVE TO HAPPEN ABOUT CASE ORGANIZATION, CASE SCHEDULE AND THE

BASIC CASE ORGANIZATION DOCUMENTS FOR THE MDL WHEN WE HAVE ALL THE PARTIES REPRESENTED.

THE OTHER ISSUE I WANTED TO ADDRESS, YOUR HONOR, IS IN THEIR FILING LAST NIGHT, THE PLAINTIFFS DID SAY THAT THEY ARE SUFFERING POTENTIAL PREJUDICE IN THE FORM OF EVIDENCE BEING LOST DUE TO LAWS ABOUT THE PRESERVATION OF CSAM. I JUST WANTED TO ADDRESS THAT BRIEFLY.

FIRST OF ALL, THE FIRST TIME THAT THAT'S EVER BEEN MENTIONED TO US OR THAT WE SAW ANY TYPE OF CSAM PROTOCOL WAS LAST NIGHT FROM THE PLAINTIFFS AT 8:00 P.M. WHEN THEY SENT IT TO US FOR THE FIRST TIME.

SO FOR ALL THE NOISE THEY MAKE ABOUT HOW CRITICAL THAT IS, WE JUST GOT IT FROM THEM LAST NIGHT, WE HADN'T HEARD ANYTHING ABOUT IT BEFORE. AND IF THEY HAVE ISSUES ABOUT PRESERVATION OF EVIDENCE, WE ARE HAPPY TO WORK THROUGH THOSE WITH THEM AND TALK ABOUT IT BUT I DON'T THINK THAT MERITS DENYING A STAY OF THE ENTIRE CASE.

WE CAN HAVE THOSE DISCUSSIONS WITH THEM AND MAKE SURE STUFF THAT SHOULD BE PRESERVED IS PRESERVED, BUT I DO THINK THAT FOR ALL THE REASONS WE SAID IN OUR PAPERS, A STAY IS APPROPRIATE, AT LEAST UNTIL THE MDL IS FORMED, WE KNOW WHERE IT'S GOING TO BE, WE KNOW WHICH JUDGE IS GOING TO PRESIDE OVER IT, WE KNOW WHO THE PLAINTIFFS ARE OR WHO THE FIRMS ARE GOING TO BE, WE WILL KNOW THAT IN ABOUT TWO MONTHS AND THEN WE CAN HAVE ALL THESE DISCUSSIONS ABOUT ORGANIZING THE CASE, SETTING

THE SCHEDULE AND GETTING THE AGREEMENTS WE HAVE TO GET IN PLACE, YOUR HONOR.

**THE COURT:** LET ME HEAR FROM PLAINTIFF'S COUNSEL.

**MS. DRAKE:** THANK YOU, YOUR HONOR. MICHELLE DRAKE ON BEHALF OF PLAINTIFFS.

IT SEEMS LIKE AT LEAST A ROUGH CONSENSUS IS EMERGING, ALTHOUGH DEFENDANTS, I THINK, ARE THE MOST RELUCTANT PARTICIPANTS IN IT, THAT THERE ARE SOME MATTERS THAT SHOULD PROCEED NOW, AND THE QUESTION IS REALLY ONE OF LINE DRAWING.

THERE IS NO DEFAULT STAY PENDING AN MDL PETITION, AND THAT RULE IS PARTICULARLY IMPORTANT HERE WHERE ALL OF THE CLASS ACTION CASES ARE IN THIS COURT AND WHERE THERE IS ALSO AN INDIVIDUAL ACTION IN THIS COURT, IT CERTAINLY CANNOT BE THE CASE THAT ANY TIME AN MDL PETITION IS FILED AND THERE ARE A FEW LAWYERS IN ANOTHER JURISDICTION WHO MAY WANT TO PARTICIPATE IN SOME FORM OF PRETRIAL PROCEEDING, THAT THAT SUDDENLY MEANS WE HAVE TO STAY PROCEEDINGS, BECAUSE WHAT THAT WOULD FUNCTIONALLY MEAN IS THAT THERE IS A DEFAULT RULE THAT ANY TIME THERE IS AN MDL PETITION, NOW PROCEEDINGS HAVE TO BE STAYED. AND WE KNOW THAT'S NOT THE DEFAULT RULE BECAUSE THE JPML HAS TOLD US THAT'S NOT THE DEFAULT RULE.

SO TO MAKE THIS A LITTLE MORE GRANULAR, I THINK THE REAL QUESTION IS PRECISELY WHICH MOTIONS AND WHICH PROCEDURES WE CAN MOVE FORWARD ON.

ONE IS CERTAINLY CONSOLIDATION. AS IDENTIFIED BY THE

COURT, THAT PERTAINS ONLY TO THE CLASS ACTIONS, ALL OF WHICH ARE PENDING HERE.

I WOULD ALSO PUT PLAINTIFF'S PENDING MOTION FOR LEADERSHIP IN THE BUCKET OF MOTIONS THAT SHOULD PROCEED BECAUSE THAT IS SO CLOSELY RELATED TO THE ISSUE OF CONSOLIDATION, AND FRANKLY TO THE PRACTICAL ABILITY OF PLAINTIFFS TO FILE A CONSOLIDATED COMPLAINT, AND ALSO TO ON THIS ISSUE OF CSAM PRESERVATION AND THE NEED TO DEAL, IN AT LEAST SOME SORT OF OFFICIAL CAPACITY, WITH THIRD PARTIES, INCLUDING LAW ENFORCEMENT AGENCIES.

THERE'S ALSO A PENDING MOTION REGARDING THE PRESERVATION OF EVIDENCE THAT NEEDS TO BE ADDRESSED NOW. THE PREJUDICE TO PLAINTIFFS FROM NOT HAVING THAT MOTION ADDRESSED NOW IS APPARENT AND THERE IS NO MEANINGFUL POSSIBILITY OF PREJUDICE TO DEFENDANT, GIVEN SORT OF WHAT EVIDENCE PRESERVATION IS.

THE CSAM PROTOCOL, I WOULD ALSO PUT UNDER THE OVERALL HEADING OF ADDRESSING PRESERVATION ISSUES WHICH NEED TO BE ADDRESSED NOW, GIVEN THE PREJUDICE TO PLAINTIFFS.

AND SO WHAT WE ARE LEFT WITH IN THE BUCKET OF, "SHOULD WE PROCEED ON THESE OR SHOULD WE NOT," ARE SOME OF THE PROTOCOLS THAT WOULD GOVERN DISCOVERY, THINGS LIKE PROTECTIVE ORDERS, ESI AGREEMENTS AND POTENTIALLY THE INCEPTION OF MOTIONS TO DISMISS BRIEFING ON THE CLASS CASES, WHICH ARE ALL, AGAIN, BEFORE THIS COURT.

PLAINTIFF'S POSITION IS THAT THINGS LIKE PROTECTIVE ORDERS AND ESI AGREEMENTS SHOULD ABSOLUTELY BEGIN BEING NEGOTIATED

NOW. THE IDEA THAT INPUT FROM INDIVIDUAL CASE ATTORNEYS IN ARKANSAS WILL DIFFER SO WILDLY FROM WHAT THE CLASS LAWYERS AND THE INDIVIDUAL PLAINTIFF LAWYERS REPRESENTING PLAINTIFFS BEFORE THIS COURT WOULD ARRIVE AT WITH DEFENDANTS, IN TERMS OF ESI ORDERS AND PROTECTIVE ORDERS, IS REALLY SPECULATIVE.

AND WHAT IT YIELDS IS PARALYSIS, NO ONE CAN DO ANYTHING FOR TWO MONTHS BASED ON THE HYPOTHETICAL POSSIBILITY THAT A LAWYER IN ARKANSAS MAY DISAGREE WITH THE ESI PROTOCOL.

THAT'S NOT A GOOD REASON TO JUST PUT THE BRAKES ENTIRELY ON LITIGATION. IT DOESN'T COMPORT WITH RULE 1 AND IT ALSO DOESN'T COMPORT WITH THE PANEL'S EXPRESSED PREFERENCE THAT CASES PROCEED. INDEED, THE MDL PANEL LOOKS AT WHICH CASES ARE THE MOST PROCEDURALLY ADVANCED IN DECIDING WHERE TO SEND CASES, AND THAT'S A REALLY POWERFUL MESSAGE TO JUDGES WHO HAVE CASES THAT ARE SUBJECT TO A POTENTIAL TRANSFER MOTION THAT THE PANEL WANTS CASES TO MOVE FORWARD.

WE CAN MAKE A LOT OF PROGRESS IN THIS CASE IN THE NEXT TWO MONTHS OR TEN WEEKS, WE CAN CERTAINLY ADVANCE THE CLASS CASES, WE CAN ADVANCE SOME OF THE BASICS OF DISCOVERY. WE CERTAINLY NEED TO ADVANCE PRESERVATION AND LEADERSHIP, AND PLAINTIFF'S POSITION IS THAT'S WHAT WE SHOULD BE DOING.

**THE COURT:** THANK YOU. I WILL GIVE YOU A MINUTE TO SAY ANYTHING ELSE.

**MR. ALLEN:** YOUR HONOR, THE ONLY THING I WOULD SAY IS I HAVE VERY SERIOUS CONCERNS THAT WE WILL ENGAGE IN A LOT OF

WORK THAT WILL BE INEFFICIENT AND WASTED BECAUSE WE WON'T HAVE EVERYONE HERE.

AND THERE ARE A NUMBER OF CASES THAT WE CITED IN OUR BRIEF THAT SAY VERY CLEARLY THAT A STAY IS WARRANTED WHEN AN MDL PETITION IS FILED TO AVOID THOSE VERY INEFFICIENCIES, BECAUSE WE ONLY WANT TO HAVE THESE DISCUSSIONS ONCE, WE DON'T WANT TO SPEND ALL THIS TIME NEGOTIATING THE ESI AGREEMENT OR PROTECTIVE ORDER OR CASE SCHEDULE.

**THE COURT:** THIS IS A LITTLE -- IT'S A SOMEWHAT DIFFERENT CASE WHICH MAYBE ALSO BEARS -- THIS SORT OF COMPARABLE THING I HAVE TO DO A LOT IS IN PATENT CASES WHICH PROBABLY YOU ARE ALL LUCKY ENOUGH NOT TO SPEND A LOT OF TIME ON, BUT WHERE PEOPLE ARE SEEKING INTER PARTES REVIEW AND I ALWAYS GET A STAY MOTION FOR AN APPLICATION FOR INTER PARTES REVIEW AND YOU HAVE TO DO A LITTLE JUDGMENT CALL ABOUT HOW LIKELY YOU THINK THE PTAB IS GOING TO INITIATE THAT REVIEW.

AND YOU HAVE TO THINK ABOUT THE LIKELIHOOD OF AN MDL HERE. AND IT SORT OF BEARS ON BOTH THE LIKELIHOOD OF THIS CASE BECOMING AN MDL AND ALSO THE COMPLICATIONS YOU ARE TALKING ABOUT.

THIS IS A UNIQUE ONE IN WHICH WE HAVE TWO JURISDICTIONS, AND WE HAVE NINE CASES INVOLVING INDIVIDUAL PLAINTIFFS. AND ONE JURISDICTION IN THE FIVE CASES, FOUR OF WHICH ARE CLASS ACTIONS AND ONE OF WHICH IS NOT IN THIS. AND I NOTED THAT I THINK THE PANEL SPECIFICALLY ASKED ABOUT THE EXTENT TO WHICH

OTHER METHODS OF COORDINATION HAD BEEN EXPLORED.

SO YOU KNOW, THERE'S THIS QUESTION THAT THAT MAY BE THEORETICALLY AN ISSUE IN A LOT OF CASES BUT IT'S NOT TOO HARD FOR ME TO GET ON THE PHONE WITH A COLLEAGUE IN ARKANSAS AS NEEDED, PARTICULARLY WHERE YOU HAVE THIS -- THIS OFTEN HAPPENS WHERE YOU HAVE A STATE PROCEEDING AND A FEDERAL PROCEEDING AND YOU DON'T HAVE ANY FORMAL METHOD LIKE AN MDL IN ORDER TO COORDINATE THOSE PROCEEDINGS.

IT'S JUST HARD -- THE THEORETICAL PRONGS YOU ARE TALKING ABOUT MAY NOT BE AS PRONOUNCED IN THIS CASE, GIVEN WE ARE JUST TALKING ABOUT TWO JURISDICTIONS, WE ARE TALKING ABOUT A LIMITED SET OF CASES, WE ARE NOT IN THE, WE NOW HAVE THREE THOUSAND NEW CLAIMS FILED -- NEW CASES FILED THAT WE NEED TO FIGURE OUT HOW TO HANDLE.

**MR. ALLEN:** YOUR HONOR, IN SOME SENSE, HOPE SPRINGS ETERNAL AND I WOULD EVERYONE COULD WORK COOPERATIVELY, BUT I JUST KNOW FROM SOME EXPERIENCE THAT THINGS DON'T ALWAYS WORK OUT THAT WAY.

WE HAVE 14 CASES NOW, WE HAVE OTHER LAW FIRMS INVOLVED IN ARKANSAS, WE MIGHT HAVE ADDITIONAL CASES FILED, AND I DON'T THINK IT'S TOO MUCH TO ASK TO SAY, LET'S JUST WAIT TWO MONTHS UNTIL WE HAVE AN MDL DETERMINATION, AND THEN WE KNOW WHEN WE HAVE THESE CONVERSATIONS THAT WE WILL HAVE ALL THE APPROPRIATE PARTIES HERE SO WE ARE ONLY DOING IT ONCE. WE WILL KNOW WHO THE LAWYERS ARE, WHO ARE THE CASES ARE, WHAT THE LEADERSHIP --

WE CAN WORK OUT WHAT THE LEADERSHIP STRUCTURE IS GOING TO BE. WE CAN WORK OUT ALL THE AGREEMENTS AT ONE TIME AND WE DON'T HAVE TO WORRY ABOUT IT.

I DO HAVE SOME CONCERNS THAT EVEN PARTIES WORKING IN GOOD FAITH TO REACH GOOD DETERMINATIONS CAN REACH AN AGREEMENT THAT OTHER LAWYERS HAVE MUCH DIFFERENT VIEWS ON, OR IF THE CASE GOES TO WHATEVER JURIST, A DIFFERENT JURIST MIGHT HAVE DIFFERENT VIEWS ON.

AND I JUST THINK IT'S IN EVERYONE'S INTEREST, THE COURT'S, OURS, TO WAIT UNTIL EVERYTHING IS CENTRALIZED BEFORE HAVING THESE DISCUSSIONS AND REACHING AGREEMENTS ON THESE ISSUES.

**THE COURT:** OKAY. THANK YOU. I AM GOING TO DENY THE MOTION.

DID YOU WANT TO BE HEARD ON IT?

**MR. CHAPUT:** SORRY, JUST VERY BRIEFLY, YOUR HONOR.

THERE'S ONE ADDITIONAL COMPLEXITY ON THE PROTECTIVE ORDER THAT I WANTED TO RAISE SO IT'S NOT SURPRISING TO PLAINTIFFS WHEN I BRING IT UP, WHICH IS THAT A PROTECTIVE ORDER INVOLVING MULTIPLE DEFENDANTS IS GOING TO BE MORE COMPLICATED THAN A PROTECTIVE ORDER INVOLVING ONE DEFENDANT.

AND SO I DO THINK THAT THE SEVERANCE MOTION IS GOING TO BE A GATING ITEM, AT LEAST FOR MY CLIENT, IN TERMS OF NEGOTIATING THE PROTECTIVE ORDER. I JUST WANTED TO PUT THAT ON THE COURT'S RADAR.

**THE COURT:** PARTICULARLY IF WE ARE TALKING ABOUT

COMPETITOR DEFENDANTS. UNDERSTOOD.

SO I WILL TAKE -- I'VE HEARD ARGUMENT ON THE MOTION AND REVIEWED THE PARTIES' BRIEFING. I AM GOING TO DENY THE MOTION FOR A STAY AT THIS TIME.

I DO THINK THAT THE FOUR CASES BEFORE ME, ALTHOUGH THEY MIGHT ULTIMATELY BE PART OF THE MDL, ARE DISTINCT ENOUGH FROM THE OTHER CASES THAT WOULD ULTIMATELY BE BROUGHT IN, THAT POSTPONING MOVING FORWARD, PARTICULARLY IN THOSE FOUR CASES, AT THIS TIME DOESN'T MAKE SENSE.

SO I WILL DENY, AND I WILL DO THAT ORALLY RATHER THAN ISSUING A SEPARATE RULING ON THAT BASIS.

SO WE WILL MOVE FORWARD TO THE OTHER ISSUES THAT ARE PRESENTED TODAY. LET'S START WITH THE PRESERVATION REQUEST. AND THAT IS PLAINTIFF'S REQUEST. I WILL HEAR FROM PLAINTIFF'S FIRST AND THEN GIVE DEFENDANTS AN OPPORTUNITY TO RESPOND.

**MS. BAEHR-JONES:** THANK YOU, YOUR HONOR.

UNLESS THE COURT HAS QUESTIONS, WE WOULD STAND ON OUR PAPERS.

**THE COURT:** I MEAN, I DO HAVE QUESTIONS, WHICH IS, THE DEFENDANTS' REPRESENTATION IS THEY'VE INSTRUCTED THEIR CLIENT TO COMPLY WITH THEIR PRESERVATION OBLIGATIONS. THEY SAID THEIR -- THEY ARE COMPLYING WITH THOSE. NOW THERE WAS THIS TWEET, TAKE IT FOR WHAT YOU WILL, BUT THEY'VE REPRESENTED THAT THEY HAVE INSTRUCTED THEIR CLIENTS TO COMPLY WITH THEIR OBLIGATIONS AND THAT THEY ARE COMPLYING WITH THEIR OBLIGATIONS.

AND I LOOKED AT THE PROPOSED ORDER AND IT WASN'T CLEAR TO ME WHAT I WOULD BE ORDERING OTHER THAN WHAT THEY ARE ALREADY TELLING US IS HAPPENING. AND WE HAVE THIS TWEET BUT WE ALSO HAVE AN EXPLANATION FROM THEM AND THEN THEY SAY, NO, WE ARE GOING TO MAKE SURE OUR CLIENTS COMPLY WITH THEIR OBLIGATIONS.

SO WHAT AM I DOING BY ISSUING A PRESERVATION ORDER, THAT THEY ALREADY HAVE LEGAL OBLIGATIONS, I DON'T THINK THAT WHETHER I ISSUE THIS ORDER OR NOT, I DON'T THINK IT HAS AN EFFECT ON A SUBSEQUENT SPOLIATION MOTION OR THE LIKE. THEY HAVE THEIR LEGAL OBLIGATIONS AND THEY HAVE TO COMPLY WITH THEM.

NOW IF WE COULD SAY WE HAVE THIS REASON TO THINK THIS PARTICULAR THING IS BEING SPOLIATED AND THEY ARE TELLING US THAT THEY DON'T -- THEY AREN'T WILLING TO ACKNOWLEDGE THAT THAT THING FALLS WITHIN THE SCOPE OF THEIR OBLIGATIONS, I MEAN THAT'S THE CIRCUMSTANCE WHERE I WOULD SAY OKAY, I NEED TO CLARIFY THE SCOPE OF THEIR OBLIGATIONS. BUT THE PROPOSED ORDER THAT YOU'VE GIVEN ME IS JUST KIND OF PRESERVE RELEVANT EVIDENCE. IT PROVIDES SOME CATEGORIES BUT THE OBLIGATION IT SAYS IS "PRESERVE THE RELEVANT EVIDENCE."

**MS. BAEHR-JONES:** CORRECT, YOUR HONOR. AND WE ARE ASKING FOR VERY MINIMAL RELIEF.

AND THE REASON THAT WE BROUGHT THIS TO THE COURT IS BECAUSE IN OUR CORRESPONDENCE WITH DEFENSE COUNSEL, WE DID NOT RECEIVE ASSURANCES THAT GROK BUILD WAS NOT BEING DESTROYED.

AND EVEN IN THEIR RESPONSE TO THE MOTION, WE DON'T SEE

THOSE ASSURANCES IN DECLARATIONS FROM COUNSEL, THERE IS NO DECLARATION FROM A CUSTODIAN, THERE'S ACTUALLY NO DECLARATION FROM COUNSEL THAT'S CONFIRMING THAT EVIDENCE IS NOT BEING DESTROYED, IT'S MERELY INTERPRETING A TWEET.

SO THAT'S WHY IT'S BEFORE YOUR HONOR, I THINK IT IS MINIMAL RELIEF THAT WE ARE REQUESTING BUT WE HAVE NOT BEEN ABLE TO GET CLEAR INFORMATION ABOUT WHAT MAY OR MAY NOT BE BEING DESTROYED CURRENTLY, AND THE SCOPE OF THAT.

**THE COURT:** I MEAN, THE PROBLEM IS I'M NOT EVEN -- I DON'T EVEN SEE A REFERENCE TO GROK BUILD IN THE PROPOSED ORDER THAT I WAS PROVIDED, RIGHT?

SO IF THE REAL DISPUTE HERE IS A PARTICULAR KIND OF EVIDENCE AND WHETHER IT FALLS WITHIN OR WITHOUT OR WHETHER THERE IS A REASON TO DOUBT THAT THEY ARE PROPERLY TREATING THAT, YOU KNOW IT SEEMED LIKE THE ORDER THAT WOULD BE SOUGHT WOULD BE ONE THAT SAYS THEY WILL PRESERVE GROK BUILD DATA, IN SO AS FAR AS -- AND NOT JUST IT'S RELEVANT, BUT PERHAPS SAY -- IDENTIFY THE SPECIFIC ASPECTS OF THAT DATA, THAT IT'S YOUR POSITION NOW.

PRESUMABLY IF YOU HAVE DONE THAT IN YOUR BACK AND FORTH WITH COUNSEL, THEN THEY ARE ON NOTICE, ARGUABLY THEY WERE ON NOTICE EARLIER BUT THEY ARE CERTAINLY ON NOTICE NOW, SO YOU WOULD BE ENTITLED TO ALL OF THE SPOLIATION REMEDIES THAT MIGHT BE AVAILABLE IF IT'S DESTROYED.

**MS. BAEHR-JONES:** CORRECT, YOUR HONOR, BUT WE STILL

WOULD NOT HAVE THE EVIDENCE. AND THE REALITY IS ALTHOUGH THEY HAVE ASSERTED THAT THE TWEET SHOULD BE INTERPRETED AS ONLY APPLYING TO GROK BUILD, THAT'S ACTUALLY NOT CLEAR TO PLAINTIFF'S COUNSEL AT ALL FROM THE POST THAT DEFENDANT'S CEO MADE.

AND IT'S ACTUALLY NOT ALSO CLEAR FROM THE DECLARATION THAT COUNSEL SUBMITTED. THERE IS NOTHING BEFORE THE COURT IN EVIDENCE THAT CONFIRMS THAT THIS DELETION IS LIMITED TO GROK BUILD. AND EVEN IF IT IS LIMITED TO GROK BUILD, CERTAINLY THAT THAT IS HIGHLY PROBLEMATIC. AND WE HAVE NOT BEEN ABLE TO GET, IN THE CORRESPONDENCE BACK AND FORTH, CONFIRMATION THAT IN FACT EVIDENCE IS BEING PRESERVED IN ACCORDANCE WITH WHAT THEIR CURRENT REQUIREMENTS ARE.

SO WE ACKNOWLEDGE THAT WHAT WE ARE SEEKING IS MINIMAL, BUT IN THE FACE OF THIS RECORD, WE STILL THINK IT'S IMPORTANT.

**THE COURT:** OKAY. LET ME HEAR FROM DEFENDANT'S COUNSEL.

**MR. KURTZBERG:** THANK YOU, YOUR HONOR.

I JUST WANT TO MAKE A FEW POINTS.

FIRST, UNDER THE CASE LAW, A PRESERVATION ORDER IS CONSIDERED AN EXTRAORDINARY REMEDY. WE HAVE OBLIGATIONS TO KEEP EVIDENCE PRESERVED, WE HAVE REPRESENTED THAT WE ARE PRESERVING ALL RELEVANT EVIDENCE. AND THE CASE LAW SAYS THAT THE COURTS SHOULD EXERCISE RESTRAINT BEFORE ISSUING SUCH ORDERS, AND THAT BEFORE THEY DO SO, THERE HAS TO BE SOME

SHOWING OF SIGNIFICANT CONCERN THAT POTENTIALLY RELEVANT EVIDENCE WILL BE DESTROYED.

THERE'S BEEN NO SUCH SHOWING HERE. THE MOTION SHOULD BE DENIED ON BOTH PROCEDURAL GROUNDS BECAUSE THERE REALLY WASN'T A PROPER MEET AND CONFER WHERE WE COULD ACTUALLY DISCUSS THIS, AND ON SUBSTANTIVE GROUNDS.

**THE COURT:** I WILL SAY I'M NOT CERTAIN THAT A PRESERVATION ORDER IS THE KIND OF DISCOVERY DISPUTE THAT'S SUBJECT TO A MEET AND CONFER OBLIGATION UNDER THE FEDERAL RULES OR LOCAL RULES.

**MR. CHAPUT:** YOUR HONOR, I THINK THAT HAD WE HAD A CHANCE TO ACTUALLY HAVE A DISCUSSION ABOUT THIS, WE PROBABLY COULD HAVE MADE A LOT MORE PROGRESS BEFORE STANDING HERE AND THERE BEING A COMPLETE MISUNDERSTANDING ABOUT WHAT THE EVIDENCE IS.

**THE COURT:** AND THAT'S AN ARGUMENT AS TO WHY IT'S A GOOD IDEA, BUT THE SEPARATE QUESTION OF WHETHER IT'S A PROCEDURAL BASIS FOR NOT MOVING FORWARD RIGHT -- FOR IT TO BE A PROCEDURAL BASIS FOR DENYING A MOTION, IT HAS TO ACTUALLY BE AN OBLIGATION UNDER THE RULES AS TO SIMPLY A GOOD IDEA.

**MR. KURTZBERG:** I BELIEVE THERE IS A PROCEDURAL BASIS BECAUSE IT IS A DISCOVERY MOTION, BUT IF YOUR HONOR VIEWS IT DIFFERENTLY, I WILL JUST MOVE ON AND SAY THE REALITY IS THERE'S NO SHOWING THAT ANYTHING RELEVANT TO THIS CASE HAS BEEN DESTROYED OR POTENTIALLY RELEVANT EVIDENCE WILL BE DESTROYED.

GROK BUILD IS A PROGRAM THAT IS FOR PROFESSIONAL CODERS. WHAT IT IS USED FOR IS PEOPLE WHO DO COMPUTER CODING USE THIS ARTIFICIAL INTELLIGENCE TOOL TO HELP WITH CODING PROBLEMS. AND THAT IS WHAT IT IS USED FOR.

THERE ARE NO ALLEGATIONS IN THIS CASE ABOUT GROK BUILD. TO THE EXTENT THAT ANY IMAGES ARE CREATED USING GROK, IT IS THROUGH WHAT IS CALLED GROK IMAGINE. THERE IS NOTHING WITH GROK IMAGINE THAT IS CREATION OF IMAGES OR CREATION OF VIDEOS THAT IS NOT SUBJECT TO PRESERVATION EFFORTS.

**THE COURT:** SO LET ME ASK YOU A QUESTION, THOUGH.

I UNDERSTAND THE REASONS YOU WOULD VIEW THE SORT OF LIKELIHOOD OF THERE BEING ANYTHING OF RELEVANCE IN THE GROK BUILD DATA THAT WE ARE TALKING ABOUT TO BE LOW.

HAVE YOU WORKED WITH -- WELL, HAS -- HAVE THE X.AI DEFENDANTS TAKEN THE STEPS NECESSARY TO ENSURE THAT NOTWITHSTANDING THE DIFFERENCE IN PURPOSE AND THE DIFFERENCE IN INTENDED USERS, THAT THERE IS NOT MATERIAL IN THE SET OF MATERIAL THAT MAY BE DESTROYED IN ACCORDANCE WITH THE TWEET AT ISSUE THAT WOULD BE RELEVANT TO THIS LITIGATION?

BECAUSE YOU MAY HAVE SEEN SOME ORDERS I'VE WRITTEN RECENTLY WHERE IT TOOK A COMPANY A COUPLE OF YEARS TO FIGURE OUT WHERE HIGHLY RELEVANT DATA WAS, AND AS A RESULT, A COUPLE YEARS OF THAT DATA WAS MISSING.

**MR. CHAPUT:** YOUR HONOR, WE ARE NOT AWARE OF ANY INSTANCE WHERE ANYONE HAS CLAIMED THAT THERE HAVE BEEN CSAM

IMAGES OR SEXUALLY EXPLICIT DEFIGS CREATED THROUGH GROK BUILD, AND TO THE EXTENT THAT ANY IMAGES HAVE BEEN CREATED, THEY ARE BEING PRESERVED, THEY ARE NOT BEING DESTROYED, THEY WOULD BE THROUGH GROK IMAGINE AND GROK IMAGINE IS SUBJECT TO ALL OF OUR PRESERVATION.

SO THERE'S NOTHING THAT WE ARE AWARE OF HERE WHERE GROK BUILD OR ANYTHING RELATING TO IT COULD BE INVOLVED IN THE CREATION OF THE TYPES OF IMAGES AT ISSUE IN THE CASE. TO THE EXTENT THAT AN IMAGE IS CREATED THROUGH GROK, IT IS THROUGH WHAT IS CALLED GROK IMAGINE, AND THAT DATA IS BEING PRESERVED.

**THE COURT:** OKAY. SO WHY IS THAT NOT SUFFICIENT TO SORT OF ANSWER THE CONCERNS?

**MS. BAEHR-JONES:** ABSOLUTELY, YOUR HONOR.

TO GO BACK TO YOUR QUESTION TO DEFENSE COUNSEL ABOUT TECHNICAL DATA, IT'S NOT AT ALL CLEAR TO PLAINTIFF'S COUNSEL THAT THERE IS NOT PROGRAMMING THAT IS PART OF GROK BUILD THAT COULD BE USED IN THIRD PARTY APPLICATIONS, IN OTHER WAYS, TO GENERATE THESE KINDS OF CSAM IMAGES AND VIDEOS AND SEXUALIZED CONTENT.

WE HAVE YET TO GET ANY DISCOVERY. IT IS EXTRAORDINARILY TROUBLING THAT DEFENSE COUNSEL'S POSITION IS THAT AN ENTIRE DATABASE CAN BE DELETED AT THIS STAGE WHERE WE HAVE ESSENTIALLY NO WAY TO DETERMINE WHETHER OR NOT THERE'S TECHNICAL DETAILS THERE THAT WOULD BE RELEVANT TO PLAINTIFF'S CASE.

AND I ALSO JUST WANT TO HIGHLIGHT --

**THE COURT:** WELL I GUESS -- I MEAN, THEIR ARGUMENT IS THEY ARE SAYING THAT PARTICULAR TOOL AND THE DATA THAT IS PART OF IT IS -- THE ONLY THING IT'S CAPABLE OF OUTPUTTING IS CODE.

SO THIS IS NOT A CASE ABOUT CODE, THIS IS A CASE ABOUT IMAGES, AND SO THAT SEEMS TO BE THEIR TAKE. AND SIMILARLY, IF YOU HAVE A CHAT BOT THAT'S ONLY CAPABLE OF OUTPUTTING TEXT, YOU WOULD SAY, OKAY, WE ARE NOT IN THE IMAGE WORLD HERE.

SO THAT SEEMS TO BE THE ARGUMENT THEY ARE TAKING. WHY IS THAT NOT SUFFICIENT? I GUESS, AS THEY SAY, IN THE ABSENCE OF A GROUNDS -- SOME BASIS FOR CONCLUDING THAT NO, IN FACT IT DOES HAVE THE TECHNICAL CAPABILITY TO GENERATE IMAGES, IT HAS BEEN USED IN THIS FASHION. YOU KNOW, YOU MIGHT EVENTUALLY FIGURE THAT THAT'S THE CASE, BUT IN THE ABSENCE OF SOME SENSE THAT THAT'S THE CASE, WHY DO WE HAVE ANY REASON TO THINK THAT THAT PRODUCT IS AT ISSUE?

**MS. BAEHR-JONES:** WELL BECAUSE PART OF WHAT GROK DOES IS IT RELEASES ITS PROGRAM TO OTHERS TO ALSO BUILD ON, AND THAT'S ONE OF THE REAL LIABILITIES AND DANGERS OF AI THAT IS THEN FOR THIRD PARTIES TO BE ABLE TO USE THEMSELVES AND CREATE NUDIFY APPS OR CREATE OTHER PRODUCTS THAT CAN GENERATE THIS TYPE OF CONTENT.

**THE COURT:** BUT WOULD THAT BE -- THE KIND OF MATERIAL YOU ARE THINKING ABOUT THAT'S RELEVANT HERE, IF IT'S CREATED, IF IT'S RELEASED TO A THIRD PARTY AND USED BY A THIRD PARTY TO CREATE THE KIND OF CONTENT AT ISSUE HERE, IS THERE A REASON TO

THINK THAT THE UNDERLYING DATA THAT WOULD BE EVIDENCE OF THAT WOULD BE IN THE GROK BUILD DATABASE AS OPPOSED TO WITH A THIRD PARTY?

**MS. BAEHR-JONES:** POTENTIALLY, YOUR HONOR.

WITHOUT KNOWING ANYTHING ABOUT THE DISCOVERY, WITHOUT RECEIVING ANYTHING FROM GROK BUILD OR THAT MIGHT BE RELEVANT TO THIS CASE, IT'S IMPOSSIBLE TO STAND HERE AND SAY THERE IS ABSOLUTELY NOTHING IN THAT DATABASE ABOUT HOW GROK BUILD IS USED TO GENERATE CODE THAT COULD BE USED TO CREATE IMAGES, TO CREATE VIDEOS, THE WHOLE POINT IS THAT THEY ARE SUPPOSED TO PRESERVE THIS AND THEN WE SEND DISCOVERY REQUESTS AND THEY RESPOND TO THEM.

**THE COURT:** WELL THEY ARE SUPPOSED TO PRESERVE THE THINGS THAT THEY HAVE A REASONABLE BASIS TO BELIEVE CONTAINS RELEVANT EVIDENCE. A PRESERVATION ORDER DOESN'T MANDATE THAT A PARTY JUST TURN OFF THE DELETION OF EVERYTHING AT ANY TIME AT ANY PLACE, THAT'S NOT HOW IT WORKS, IT'S CASE-SPECIFIC AND ISSUE-SPECIFIC.

**MS. BAEHR-JONES:** CORRECT, YOUR HONOR.

I THINK IF DEFENSE COUNSEL IS REPRESENTING THAT THERE IS NOTHING OF RELEVANCE TO THIS CASE THAT WOULD BE IN THE GROK BUILD DATA SET AND THAT IS THE ONLY DATA SET THAT IS BEING DESTROYED AND THAT THERE IS SUFFICIENT LITIGATION HOLDS FOR ANYTHING THAT WOULD FALL WITHIN THEIR OBLIGATIONS, THEN THAT IS USEFUL TO KNOW.

I THINK ONE OF THE OTHER REASONS THAT THIS IS SOMETHING THAT CANNOT BE REMEDIED LATER IS IF THERE IS EVIDENCE DESTRUCTION THAT'S GOING ON AND IT INVOLVES THE CSAM IMAGES AND VIDEOS. THAT'S OUR CLASS. THE WAY I IDENTIFIED THIS CLASS, THERE IS NO WAY TO REMEDY THAT IN THE FUTURE, THOSE CLASS MEMBERS WILL JUST NOT HAVE ANY ACCOUNTABILITY OR ANY REMEDY IN COURT. AND SO THAT'S WHY IT WAS OF THIS GREATEST CONCERN TO BRING THIS AT THIS TIME.

**THE COURT:** ANYTHING ELSE YOU WOULD LIKE TO OFFER?

**MR. KURTZBERG:** HAD WE HAD A DISCUSSION ABOUT THIS, WE WOULD HAVE BEEN ABLE TO MAKE THE REPRESENTATION THAT WE HAVE MADE TODAY. BUT TO THE EXTENT THAT THERE ARE IMAGES CREATED, THEY ARE CREATED THAT USES THE API FOR GROK IMAGINE, AND THAT IS COMPLETELY BEING PRESERVED. THERE ARE NO ALLEGATIONS, NO PROOF, NO SUGGESTIONS THAT ANYONE HAS USED GROK BUILD IN ANY WAY THAT WOULD RELATE TO THE ALLEGATIONS OF THIS CASE.

**THE COURT:** OKAY.

I'M GOING TO DENY THE MOTION FOR PRESERVATION ORDER AT THIS TIME BECAUSE AS I SAY, I THINK THE PROPOSED ORDER ITSELF RESTATES THE OBLIGATIONS THAT THEY HAVE REPRESENTED TO THE COURT, AS YOU NOTED, THAT THEY ARE COMPLYING WITH THOSE OBLIGATIONS.

I WILL ALSO DO THAT ON THE BASIS OF AN UNDERSTANDING THAT ADEQUATE STEPS HAVE BEEN TAKEN WITHIN THE X.AI DEFENDANTS TO ENSURE THAT THEY ARE NOT -- THEIR ASSUMPTION THAT THERE IS NOT

ANYTHING IN THE GROK BUILD DATA THAT COULD BE RELEVANT TO THIS CASE IS A REASONABLE ASSUMPTION AND THEY HAVE LOOKED AT THE UNDERLYING TECHNOLOGY SUFFICIENTLY IN DETAIL TO ENSURE THAT THAT'S THE CASE.

**MS. BAEHR-JONES:** THANK YOU, YOUR HONOR.

**MR. KURTZBERG:** THANK YOU, YOUR HONOR.

**THE COURT:** THANK YOU.

I THINK THAT THE TWO OTHER THINGS I THINK WERE PENDING IS A CASE MANAGEMENT CONFERENCE IN 2246 AND THE MOTION FOR APPOINTMENT OF LEAD COUNSEL, SO I THINK WHY DON'T WE TURN TO THE MOTION FOR APPOINTMENT OF LEAD COUNSEL.

AND LET ME ASK THE QUESTION HERE, HAVING AGREED AMONGST YOURSELVES AS TO HOW THE FOUR CASES SHOULD PROCEED AND WHAT THE LEADERSHIP STRUCTURE OF THOSE CASES SHOULD BE, WHY IS THERE ANY NEED FOR ANY FURTHER APPOINTMENT OF LEAD COUNSEL AT THIS TIME?

AND THE REASON I ASK THAT QUESTION IS THAT I DO HAVE A CONCERN, PARTICULARLY ABOUT THE REQUEST THAT ANY ORDER I ISSUE NOT BE SPECIFIC TO THE FOUR CASES THAT ARE BEFORE ME BUT THAT ALSO ENCOMPASS ANY OTHER CLASS ACTIONS THAT MIGHT BE FILED IN THE FUTURE AND THAT MIGHT BE RELATED TO THIS CASE THAT IMPLICATES THE RIGHTS OF OTHER ATTORNEYS, YOU KNOW, THAT IS APPOINTING COUNSEL FOR ABSENT CLASS MEMBERS WITH A LESS THAN FULSOME RULE 23 ANALYSIS WHICH HAS SOME IMPACT ON THEIR DUE PROCESS RIGHTS.

I MEAN, THE SAME IS TRUE OF DOING SO IN THE CONTEXT OF

THESE CASES, BUT I THINK THE SIGNIFICANCE IS EVEN MORE -- IS EVEN GREATER WHERE WE ARE TALKING ABOUT OTHER ATTORNEYS AND OTHER INDIVIDUALS WHO MIGHT POTENTIALLY REPRESENT THE CLASS. AND MY GENERAL TAKE HAS BEEN TO BE PRETTY STINGY ABOUT APPOINTING EARLY LEAD COUNSEL, ABSENT THE NEED FOR AN IDENTIFIED PROBLEM. AND IT SEEMS LIKE EVERYONE HERE HAS SOLVED THE PROBLEM. SO WHAT IS LEFT TO BE DONE?

**MS. MARTIN:** CERTAINLY, YOUR HONOR. YES.

AS YOU SAW FROM OUR FILINGS, WE HAVE COME TO A JOINT PROPOSAL TO YOU, AND SO WE ARE WORKING WELL TOGETHER, ABSOLUTELY.

WE DO THINK, THOUGH, THAT IT IS HELPFUL TO HAVE AN OFFICIAL APPOINTMENT AT THE PERIMETER OF THE COURT, FOR A COUPLE OF REASONS.

ONE IS FOR THE THIRD PARTY DISCOVERY THAT WE HAVE TO CONDUCT, IF WE ARE ALLOWED TO GO FORWARD DOING THAT. IT IS HELPFUL TO HAVE THAT AUTHORITY FROM THE COURT THAT WE ARE SPEAKING WITH ONE VOICE FOR ALL OF THE CLASS ACTIONS WHEN WE ARE GOING TO, FOR EXAMPLE, NCMEC OR THE NATIONAL CENTER FOR MISSING AND EXPLOITED CHILDREN, OR TO LAW ENFORCEMENT AND OTHER THIRD PARTIES TO MAKE SURE THAT THEY KNOW THEY ARE NOT GOING TO HAVE TO DO THIS FIVE SEPARATE TIMES FOR EACH OF THE CLASS ACTIONS AND THAT WE ARE SPEAKING WITH ONE VOICE TOGETHER, IT CAN BE HELPFUL TO HAVE THAT --

**THE COURT:** THAT, I CAN DO.

IF YOU FILE A STIPULATION THAT THESE INDIVIDUALS WILL BE DESIGNATED AS COUNSEL FOR THE CLASSES IN FOUR DIFFERENT CASES, IF WE GET TO CONSOLIDATION, YOU JUST HAVE THE ONE ANYWAYS, RIGHT?

**MS. MARTIN:** OKAY. THERE ARE OTHER WAYS TO DO IT, THAT WAS JUST ONE OF THE THOUGHTS, BUT THAT'S A CREATIVE IDEA.

ON THE PLEADING ON THE CONSOLIDATION IF YOU HAVE A CONSOLIDATED PLEADING TO HAVE CLARITY ON WHO IS REPRESENTING THE CLASS, AND YOU KNOW, WE ARE THE ONLY CLASS ACTIONS AT THIS TIME, AND SO IF IT'S CENTRALIZED, IT'S STILL VALUABLE TO HAVE ESTABLISHED THE LEADERSHIP OVER THE CLASS CASES, WE ARE ALL HERE.

**THE COURT:** AGAIN, IF WE ARE GOING TO DO A CONSOLIDATED COMPLAINT, I THINK I'VE HAD AT LEAST ONE OTHER CASE WHERE PARTIES HAVE JUST ULTIMATELY REACHED AN AGREEMENT, AND IF YOU WANT ME TO SIGN OFF ON IT SO THAT IT'S ON THE DOCKET SO EVERYONE IS HELD TO IT, THAT'S A DIFFERENT MATTER. IT'S DIFFERENT, IN TERMS OF ITS IMPACT ON THE RIGHTS OF FOLKS WHO ARE NOT HERE IN THE ROOM TODAY TO HAVE FORMAL DESIGNATIONS OF LEAD COUNSEL, UNDER RULE 23 OR OTHERWISE, AND TO IMPACT THE RIGHTS OF SOME OTHER ATTORNEYS WHO MIGHT SHOW UP IN THE FUTURE AND WHAT IT MEANS TO THEIR CASE. THAT'S THE PART THAT REALLY CONCERNS ME.

**MS. MARTIN:** IF YOU THINK THAT PARTICULAR PIECE IS THE PROBLEM FOR YOU, I THINK -- I DON'T WANT TO SPEAK FOR

EVERYONE SINCE WE ARE JOINT NOW, BUT I THINK WE WOULD BE FINE TO DROP THAT PROVISION AS WELL, IF THAT'S A PROBLEM.

**THE COURT:** I GUESS I'M JUST THINKING -- IT SEEMS TO ME, AND PERHAPS WHAT YOU ARE TELLING ME, THAT GIVES ME SOME COMFORT IF YOU ARE TELLING ME THAT UNTIL WE GET TO THE POINT OF A CONSOLIDATED COMPLAINT, THAT THERE IS A NEED TO HAVE SOMETHING TO JUST SORT OF FORMALIZE WHAT YOU'VE AGREED AS TO HOW THE FOUR CASES ARE GOING TO PROCEED. YOU KNOW, THAT'S A DIFFERENT MATTER, AS LONG AS WHAT WE ARE TALKING ABOUT IS THE FOUR CASES THAT ARE BEFORE ME, AND YOU EACH HAVE YOUR OWN CLIENTS, BUT HAVE PROPOSED CLASSES THAT ARE OVERLAPPING IN SOME RESPECT.

IF THAT'S WHAT'S REQUESTED, THAT I'M MORE COMFORTABLE WITH, JUST SORT OF COORDINATING WHAT'S HAPPENING IN THESE CASES AS OPPOSED TO THINKING ABOUT THE OTHER SETS OF CASES THAT MIGHT SHOW UP.

**MS. MARTIN:** I THINK WE CAN MODIFY TO THAT AND I THINK IT WOULD BE HELPFUL TO US. IT'S NOT WE ARE NOT GOING TO BE ABLE TO DO ANYTHING WITHOUT SUCH AN ORDER BUT WE DO THINK IT WOULD BE HELPFUL TO US.

**THE COURT:** I KNOW THERE WAS A POSITION THAT YOU DIDN'T THINK I SHOULD MOVE FORWARD ON THIS ISSUE, BUT IN THE ABSENCE OF A STAY, IS THERE ANY POSITION FROM THE DEFENDANTS ON THIS QUESTION?

**MR. ALLEN:** THERE IS NO POSITION OTHER THAN I WOULD

SAY IT DOES SEEM PREMATURE, FOR THE REASONS THE COURT GAVE, AND I WOULD JUST REITERATE WE DO THINK THIS WOULD BE BETTER LEFT FOR THE MDL COURT, IF AN MDL IS FORMED. BUT OTHER THAN THAT, WE DON'T HAVE ANYTHING TO ADD TO IT, YOUR HONOR.

**THE COURT:** PRESUMABLY, NO ONE ELSE WHO IS INVOLVED IN THE MDL AT THIS TIME, IS AT LEAST IT SEEMS LIKE IS SEEKING TO REPRESENT A CLASS, MAYBE THAT WILL BE DIFFERENT ON DECEMBER 3RD, BUT --

**MR. ALLEN:** I THINK THERE ARE REASONS FOR THAT BUT I THINK THIS IS A VERY, VERY DIFFICULT CLASS CASE, FOR REASONS WE WILL PERHAPS GET TO AT SOME POINT, BUT YOUR HONOR, YOU ARE RIGHT, THERE IS NO OTHER CLASS CASE RIGHT NOW, PERHAPS ANOTHER ONE WILL BE FILED, I DON'T KNOW.

**MS. SHARP:** YOUR HONOR, DENA SHARP.

IF I MAY ADDRESS A COUPLE POINTS THAT THE COURT MADE. WE HEAR YOU LOUD AND CLEAR, WE'VE READ THE TRANSCRIPTS, WE UNDERSTAND THE COURT'S GENERAL PREDILECTIONS AS TO RELATES TO LEADERSHIP. ONE THING THAT NUDGED US OVER THE EDGE OF SEEKING LEADERSHIP NOW AS OPPOSED TO WAITING, IS AS MS. DRAKE'S INTERVENTION BRIEF, I THINK POINTED OUT, THE ADVISORY COMMITTEE NOTE TO RULE 23 POINTS OUT THAT WHEN THERE IS UNCERTAINTY OR RIVALRY BETWEEN THE OVERLAPPING CASES THAT HAVE BEEN FILED, SOMETIMES THAT AUGERS TOWARD APPOINTMENT.

AND HERE, AS THE COURT IS PROBABLY AWARE JUST BASED ON A QUICK LOOK AT OUR COMPLAINTS, THE CLASSES THAT ARE PLED AND THE

CLIENTS WHO WE REPRESENT ARE A LITTLE BIT DIFFERENT IN KIND. AND NONE OF THAT IS TO SAY THAT WE ABSOLUTELY HAVE TO HAVE AN APPOINTMENT ORDER FOR US TO DO WHAT WE ARE GOING TO DO, BUT IF WE DO WANT TO FILE A CONSOLIDATED AMENDED COMPLAINT, WHICH I UNDERSTAND IS SUBJECT TO THE CONSOLIDATION QUESTION THAT IS BEFORE THE COURT, THAT I HAVE TO SAY IS USUALLY ONE OF THE EASY THINGS THAT WE DO EARLY ON.

WE HAVEN'T HAD AN OPPOSITION YET FROM THE DEFENDANTS, WE HAVE TRIED TO CONFER WITH THEM ABOUT IT AND WE UNDERSTAND THAT'S ON A NOTICED MOTION, BUT TAKING ALL THOSE THINGS IN THE AGGREGATE, FROM OUR PERSPECTIVE, WE CERTAINLY HAVE NO PROBLEM. WE LIKE TO SAY WE PUT THE "INTERIM" IN "INTERIM," WE UNDERSTAND THAT IT'S AN INTERIM APPOINTMENT UNDER 23(G)(3) AND NOT SOMETHING THAT IS IRON CLAD, NOT SOMETHING THAT WE WOULD SUGGEST WOULD NOT BE PORTABLE.

BUT I JUST WANTED THE COURT TO HAVE A LITTLE BIT OF INSIGHT IN OUR THINKING JUST BECAUSE, AT LEAST FROM MY PERSPECTIVE, HAVING DONE PLENTY OF CASES WHERE THE CLASS DEFINITIONS AREN'T VERY DIFFERENT, IF AT ALL, HERE THERE ARE JUST SOME NUANCES THAT, FROM OUR PERSPECTIVE, MADE IT AT LEAST WORTH PUTTING UP TO THE COURT, AND OF COURSE WITHIN YOUR DISCRETION.

**THE COURT:** I MEAN, I UNDERSTAND, AND WE WERE -- AT THE OUTSET OF THE FILING OF THE MOTION TODAY, WE WERE A LITTLE DIFFERENTLY SITUATED. AND WE MAY HAVE -- YOU KNOW, I MAY HAVE

COME HERE TODAY AND HAD A REALLY DIFFICULT CONVERSATION ABOUT HOW THESE FOUR CASES WERE GOING TO PROCEED ALONGSIDE ONE NUMBER, AND FORTUNATELY WE DON'T HAVE THAT CIRCUMSTANCE, WHICH I APPRECIATE AND EVERYONE SHOULD BE COMMENDED FOR THAT.

SO I DON'T MEAN TO SAY IT'S NEVER APPROPRIATE TO MOVE, I JUST AM TRYING TO SAY THAT GIVEN THAT YOU'VE ALL BEEN ABLE TO RESOLVE YOUR DIFFERENCES AND FIGURE OUT A STRUCTURE THAT MAKES SENSE, I'M COMFORTABLE WITH THAT.

**MS. SHARP:** I APPRECIATE THAT.

**THE COURT:** WHAT I WOULD ASK IS FOR, LET'S SAY WITHIN SEVEN DAYS, IF YOU CAN TO JUST SUBMIT AN UPDATED PROPOSED ORDER AS TO APPOINTMENT THAT RELATES ONLY TO THE MANNER IN WHICH THESE FOUR CASES WILL PROCEED, PENDING A DECISION ON CONSOLIDATION AND DOESN'T IMPACT ANY OTHER CASES THAT MIGHT BE FILED AND RELATED TO ME. IN THE INTERIM.

AND MY UNDERSTANDING AS TO THE FIFTH INDIVIDUAL ONLY CASE, I MEAN, THAT WAS ADDRESSED IN THE MOTION, TO SOME EXTENT, BUT I THINK THE AGREEMENT SEEMS TO BE WITH THOSE COUNSEL THAT THEY WILL TRY TO COORDINATE, BUT WE DON'T NEED -- I THINK THEY'RE NOT SUBJECT TO CONSOLIDATION, RIGHT?

**MS. MARTIN:** YES, YOUR HONOR. ZACH URICH IS ACTUALLY HERE FROM DOE 5. BUT YES, WHEN WE SPOKE TO THEM ABOUT THE CONSOLIDATION MOTION, AND IF YOU'D LIKE TO HEAR FROM HIM, YOU MAY, BUT WHEN WE SPOKE TO THEM ABOUT THE CONSOLIDATION MOTION, ESSENTIALLY THE FOUR RELATED CLASS CASES WOULD BE CONSOLIDATED

AND THEY WOULD BE COORDINATED WITH US.

SO THEY WOULD MAINTAIN THEIR OWN COMPLAINT, THEY'RE LEADERS OF THEIR OWN COMPLAINT, AND -- BUT THEY WOULD BE TOGETHER WITH US FOR MOTION TO DISMISS, OMNIBUS MOTION TO DISMISS BRIEFING BECAUSE THE CLAIMS OVERLAP ACROSS ALL FIVE CASES, AND THEY WOULD BE TOGETHER WITH US FOR DISCOVERY PURPOSES BECAUSE THE DISCOVERY IS GOING TO OVERLAP AS WELL, AND THEN THERE MAY BE A POINT IN TIME WHICH THEY WANT TO CONTINUE ON IN THEIR OWN VEIN AND WE PERHAPS DO CLASS CERTIFICATION OR SOMETHING LIKE THAT.

**THE COURT:** I GUESS AT THIS POINT MY THINKING IS I THINK BY VIRTUE OF HAVING FOUND THE CASE TO BE RELATED, WE HAVE EFFECTIVELY ALREADY DONE THE THINGS THAT ARE NEEDED TO ACCOMPLISH THAT COORDINATION AND YOU CAN WORK AMONGST YOURSELVES TO MAKE THOSE PROPOSALS, AND IF THERE'S A DISPUTE ABOUT CONSOLIDATED OMNIBUS BRIEFING AND THE LIKE, YOU CAN RAISE THAT WITH ME AND WE CAN HAVE A STATUS CONFERENCE TO DISCUSS THE ISSUE.

BUT I THINK THE MECHANISM FOR THAT, THE MECHANISM WE HAVE IS RELATING CASES TO MAKE SURE IT'S ALL BEFORE ME, AND WE HAVE ALREADY DONE THAT.

**MS. MARTIN:** OKAY, CERTAINLY. I THINK THE CONCERN WAS GETTING THE SCHEDULES ALL LINKED UP, SO IF THAT'S PART OF THAT, PERFECT.

**THE COURT:** BUT SINCE WE ARE HERE AND IT'S ALL BEFORE

ME AND PRESUMABLY THEY CAN ACCOUNT FOR THAT AND WHEN WE HAVE A CASE MANAGEMENT CONFERENCE, I WILL BE AWARE THAT THESE ARE RELATED CASES, SO --

**MS. MARTIN:** THAT'S FINE WITH ME AS LONG AS -- ZACH?

**MR. URICH:** GOOD AFTERNOON, YOUR HONOR. THAT'S GREAT FOR US AS WELL.

**THE COURT:** I WILL CONFIRM THAT COUNSEL IN THE FIFTH CASE SAID THAT'S GREAT FOR THEM AS WELL.

I'M SO USED TO -- YES, WE ARE BLESSED WITH A COURT REPORTER HERE IN THE COURTROOM TODAY, I'M SO USED TO HAVING THEM ON ZOOM AND HAVING ZOOM UP, SO PASS THAT ALONG IN CASE ANYONE IS WATCHING AS WELL.

OKAY. SO I WILL RECEIVE A MODIFIED PROPOSED ORDER WITH RESPECT TO THE MOTION FOR APPOINTMENT OF LEAD COUNSEL.

SO THE LAST MATTER THAT I THINK I HAVE ON MY AGENDA IS WE HAVE A CASE MANAGEMENT CONFERENCE SCHEDULED IN 2246 TODAY.

LET ME ASK, FIRST QUESTION I GUESS, HAVE THE X.AI DEFENDANTS MADE A DETERMINATION OF THE POSITION THEY ARE GOING TO TAKE ON THE MOTION TO CONSOLIDATE YET?

**MR. ALLEN:** WE HAVE NOT YET, YOUR HONOR. WE ARE STILL CONFERRING ON THAT INTERNALLY. IT MIGHT MAKE SENSE TO COORDINATE THEM AND DO THEM TOGETHER. IT MIGHT MAKE SENSE TO CONSOLIDATE THEM. WE HAVEN'T MADE A DECISION YET.

**THE COURT:** LET ME ASK THE OTHER SIDE, REMIND ME, SO 2246 WE DON'T HAVE STABILITY, RIGHT?

**MS. MARTIN:** 2246 IS STABILITY, YES.

**THE COURT:** IT IS STABILITY. OKAY.

HAVE THE PLAINTIFFS MADE A DETERMINATION ABOUT THE POSITION THEY ARE GOING TO TAKE ON THE MOTION TO SEVER?

**MS. MARTIN:** YES, YOUR HONOR, WE INTEND TO OPPOSE THE MOTION TO SEVER.

**THE COURT:** OKAY.

**MR. CHAPUT:** AND YOUR HONOR WILL PROBABLY BE UNSURPRISED TO HEAR THAT STABILITY WILL OPPOSE THE MOTION TO CONSOLIDATE FOR SIMILAR REASONS TO THOSE RAISED IN OUR MOTION TO SEVER.

**THE COURT:** RIGHT. I MEAN, IT DOES STRIKE ME, AND I'M NOT GOING TO PREJUDICE MY CONSIDERATION OF EITHER OF THE MOTIONS, BUT AT LEAST INTUITIVELY THERE'S A SORT OF RELATION AND ATTENTION BETWEEN THOSE TWO ISSUES BECAUSE WE HAVE FOUR CLASS ACTIONS TARGETING A SINGLE DEFENDANT, YOU KNOW, THERE'S A LOT OF REASONS TO CONSOLIDATE THAT, BUT THEN IF WE HAVE ONE THAT HAPPENS TO BE PURSUING CLAIMS AGAINST A DIFFERENT DEFENDANT IN A COMPLICATED FASHION, THAT BECOMES SORT OF, WHY IS THIS A SINGLE CASE? WHAT ARE THEY DOING IN THIS CASE? ONLY SOME SET OF THE PLAINTIFFS ARE BRINGING CLAIMS AGAINST THAT ONE AS OPPOSED TO THE DEFENDANT WHO IS COMMON AGAINST ALL.

SO THOSE DO SEEM SOMEWHAT INTERRELATED, BUT OKAY, THAT'S HELPFUL. I MEAN, I'M NOT GOING TO PREJUDGE EITHER OF THE MOTIONS.

**MS. MARTIN:** I'M HAPPY TO GIVE YOU A PREVIEW, IF YOU LIKE, OF OUR OPPOSITION.

WE DO INTEND TO OPPOSE. OUR POSITION IS GOING TO BE IT'S NOT TOTALLY UNRELATED AS ONE MAY THINK, AND ALSO THAT THERE'S NO REASON THAT THE STABILITY DEFENDANTS CAN'T BE ON THE SAME SCHEDULE WITH -- THAT WE PROPOSED HERE THAT THE X.AI DEFENDANTS ARE ON.

AND SO TO THAT EXTENT, THEY ARE NOT PREJUDICED BY JUST BEING PART OF THE SAME SCHEDULE AND MOVING ALONG ON THE SAME SCHEDULE THAT WE HAVE.

**THE COURT:** WELL THE SCHEDULE IS ONE QUESTION, BUT ALSO IS IT JUST CLEANER, FROM ALL PERSPECTIVES, TO HAVE, THIS IS THE CASE AGAINST X.AI, AND DEFENDANTS, THIS OTHER CASE IS THE CASE AGAINST STABILITY. AND MAYBE EVERYONE ELSE -- ALL THE CLAIMS AGAINST X.AI GO INTO 772, AND THEN THE CLAIMS AGAINST STABILITY REMAIN IN 2246.

THERE'S SOMETHING FROM JUST THE CLEANLINESS OF WHO IS IN WHAT CASE, YOU KNOW, EVEN JUST THINKING ALL THE WAY DOWN THE ROAD TO TRIAL IN THESE CASES, RIGHT, IT'S GOING TO BE A REAL MESS IF WE PROCEED ON DIFFERENT PATHS OR -- I'M NOT CERTAIN THERE'S A REASON WE'D HAVE TO -- THEY MIGHT BE RELATED AND YOU WILL TELL ME WHY, BUT AT THE OUTSET, MY TAKE IS IT'S NOT NECESSARILY THE CASE THAT WE ARE GOING TO HAVE TO TRY A CASE WITH BOTH OF THE DEFENDANTS AT THE TABLE AT THE SAME TIME. AND SO SORT OF TEEING THAT UP AT THE OUTSET IN A WAY THAT MAKES IT

CLEAR MIGHT PROMOTE THE RESOLUTION OF BOTH OF THE CASES IN THE CLEANEST POSSIBLE WAY.

**MS. MARTIN:** I UNDERSTAND, YOUR HONOR.

IF YOU DON'T MIND, IF WE BRIEF IT?

**THE COURT:** YEAH. NO, ABSOLUTELY. USUALLY I DON'T OFFER ANY PREVIEW, AND I KNOW YOU WILL PROBABLY EXPLAIN ALL THE WAYS IN WHICH MY THINKING IS WRONG, AND I ENCOURAGE THAT. I'M NOT DOING THIS WITH PREJUDGING THE DECISIONS AT ALL, SO I WANTED TO MAKE THAT CLEAR.

**MR. CHAPUT:** YOUR HONOR, WHILE WE ARE ON THE TOPIC OF THAT MOTION, IF I MAY, BRIEFLY.

I DID WANT TO RAISE THE ISSUE OF THE TIMING OF THE HEARING ON THAT MOTION. IT'S CURRENTLY SET FOR DECEMBER 10TH. THAT WAS THE FIRST DATE THAT COUNSEL SAID THAT THEY WERE AVAILABLE THAT WAS ALSO OPEN ON YOUR HONOR'S CALENDAR. I DO HAVE SOME CONCERNS THAT THAT'S AFTER THE JPML HEARING THAT'S SET FOR DECEMBER 3RD.

I THINK THIS IS AN ISSUE THAT'S, FROM MY CLIENT'S PERSPECTIVE, REALLY CRITICAL TO GET GUIDANCE FROM THE COURT ON EARLY SO THAT WE DON'T HAVE TO RAISE AND BRIEF THE SAME ISSUE AT THE JPML.

SO MY CLIENT IS HAPPY TO JUST HAVE IT RESOLVED ON THE PAPERS, IF YOUR HONOR IS OPEN TO THAT, OR IF YOUR HONOR COULD SLOT US IN FOR A HEARING SOONER, I KNOW PLAINTIFFS OPPOSE THIS, WE HAVE DISCUSSED IT, BUT I JUST WANTED TO RAISE IT FOR THE

COURT'S CONSIDERATION.

**MS. MARTIN:** WELL CAN I JUST ADD ONE THING.

SO YOUR HONOR SAID THAT YOU FIND THE CONSOLIDATION AND THE SEVERANCE MOTIONS TO BE SORT OF LINKED IN YOUR MIND, SO MAYBE THEN WE CAN RIGHT NOW, OUR CONSOLIDATION MOTION, IT WAS SET FOR NOVEMBER 19TH, BUT I BELIEVE THAT DATE WAS TAKEN OFF CALENDAR SO IT NEEDS A NEW DATE.

SO PERHAPS IF WE MOVE UP THE DATE FOR THE SEVERANCE MOTION, WE COULD MOVE THE CONSOLIDATION MOTION UP TOO AND HAVE THEM HEARD AT THE SAME TIME SINCE THOSE SEEM TO BE LINKED FOR YOUR HONOR.

**MR. CHAPUT:** I'M PERFECTLY HAPPY TO RESCHEDULE.

PLAINTIFF DID NOT CONSULT WITH US ON THE NOVEMBER 19TH DATE AND I DO HAVE A CONFLICT ON THAT DATE IN ANOTHER MATTER.

**MS. MARTIN:** WELL IT'S NOT EVEN ON CALENDAR ANYMORE, SO IT'S NOT AVAILABLE.

(PAUSE IN PROCEEDINGS.)

**THE COURT:** WE HAVEN'T MOVED THOSE HEARINGS, SO THE DATE IS NOW CLOSED. I THINK WE CLOSED IT FOR FURTHER BRIEFING BECAUSE OF HOW MANY MATTERS WE ALREADY HAD SCHEDULED THAT DAY. SO I DON'T THINK WE HAVE TAKEN ANYTHING OFF CALENDAR.

**MS. MARTIN:** OKAY. I DIDN'T UNDERSTAND THAT PROPERLY. OKAY. BUT STILL, I WOULD SAY IF YOU WANT TO HEAR THEM TOGETHER, WE ARE HAPPY TO MOVE IT EARLIER, BUT I THINK WE WOULD WANT CONSOLIDATION TO BE HEARD AT THE SAME TIME.

**MR. CHAPUT:** AND I DON'T THINK MY CLIENT WOULD HAVE A PROBLEM WITH THAT, YOUR HONOR. WE AGREE, AS I MENTIONED BEFORE, THE ISSUES ARE CERTAINLY RELATED.

**MR. ALLEN:** WELL WE ARE GOING TO HAVE REVIEW THIS TOO, SO MAYBE WE ALL TALK AND TRY TO FIGURE OUT SOMETHING THAT WORKS, CONSISTENT WITH THE COURT'S CALENDAR.

**MS. MARTIN:** WELL THE COURT'S CALENDAR, ALL THOSE DATES ARE CLOSED, SO THE COURT IS GOING TO HAVE TO GIVE US GUIDANCE ON A DATE.

**THE COURT:** YEAH, I THINK WHY DON'T -- WE HAVE A NUMBER OF PENDING MOTIONS, OBVIOUSLY, AND I THINK SOME SET FOR DECEMBER, SOME SET FOR THIS, I THINK WE HAVE A LOT GOING ON. I MEAN, I THINK GENERALLY GIVEN THE AMOUNT OF TIME THAT IT'S LIKELY GOING TO TAKE, I'M COMFORTABLE SPECIALLY SETTING THE MATTER.

SO I WOULD THINK ABOUT -- IF YOU THINK ABOUT NOVEMBER 16TH, NOVEMBER 23RD OR NOVEMBER 24TH, SEE IF ANY OF THOSE DATES WILL WORK. I KNOW THE WEEK OF THE 13TH IS NOT AVAILABLE AT ALL, I WILL BE NOT HERE, BUT I COULD SPECIALLY SET THIS ON A MONDAY, TUESDAY OR FRIDAY EXCEPT FOR TUESDAY THE 17TH BECAUSE I HAVE A PRETRIAL CONFERENCE THAT I EXPECT TO LAST MOST THE DAY.

**MS. MARTIN:** OKAY. SO THE 16TH THE 23RD, THE 24TH OF NOVEMBER OR A DIFFERENT MONDAY, TUESDAY OR FRIDAY EXCEPT THE 17TH; IS THAT RIGHT? OR NO?

**THE COURT:** LET'S START WITH THE 16TH. I WAS GOING TO SAY THE 20TH, THE 23RD, THE 24TH.

**MS. MARTIN:** OKAY. SO WE CAN CONFER.

**THE COURT:** OR THE 30TH.

**MR. CHAPUT:** YOUR HONOR, WHAT TIME WOULD YOUR HONOR CONTEMPLATE SETTING THAT FOR? I'M BEFORE JUDGE SEEBORG IN THE MORNING ON THE 16TH, SO IF WE SET IT IN THE AFTERNOON --

**THE COURT:** I WOULD SAY 10:00 A.M. OR 2:00 P.M.

**MR. ALLEN:** DO YOU MIND, YOUR HONOR, IF WE TALK ABOUT IT?

**THE COURT:** NO, WHAT I WOULD ASK IS, AND THINK ABOUT AS MANY OF THE MOTIONS THAT MAKE SENSE TO SET, BUT IF YOU COULD REACH AGREEMENT, IT MAKES SENSE FOR ALL OF US TO COME TOGETHER AT SOME POINT LATE IN NOVEMBER AND WORK THROUGH THESE THINGS.

JUST SUBMIT A STIPULATION AND PROPOSED ORDER TO RESET THESE HEARINGS. UNLESS I HAVE CONCERNS, I WILL SIGN OFF ON IT AND WE WILL INCORPORATE IT.

**MR. ALLEN:** UNDERSTOOD. WE APPRECIATE IT.

**THE COURT:** OKAY.

I MEAN, LET ME START WITH PLAINTIFF'S COUNSEL. I THINK THE QUESTION IS REALLY, I UNDERSTAND THERE'S AN AGREEMENT THAT THE SCHEDULE YOU'VE PROPOSED, I THINK WOULD WORK FOR ALL OF THE CASES, I THINK THIS IS THE FIRST CASE YOU'VE ACTUALLY DONE A 26(F) CONFERENCE, AND THEN WE'RE ACTUALLY MOVING FORWARD, CORRECT?

**MS. MARTIN:** YES.

**THE COURT:** SO I GUESS ONE QUESTION IS SHOULD WE HOLD OFF ON SETTING A CASE SCHEDULE UNTIL I DECIDE THE ISSUE OF CONSOLIDATION OR A SEVERANCE, AND SORT OF AS I RAISED EARLIER, SHOULD WE HOLD OFF ON DOING THAT UNTIL WE GET A DECISION FROM THE PANEL ON THE MDL REQUEST?

NORMALLY I'M VERY LIKE, LET'S GO AHEAD AND SET A SCHEDULE, THE QUESTION HERE IS WHETHER THAT MAKES SENSE. DISCOVERY IS OPEN, 26(F)CONFERENCE HAS OCCURRED, DISCOVERY IS OPEN IN 2246, SO IS THERE A NEED TO -- WHAT ELSE DO WE KIND OF NEED TO DO NOW VERSUS WHAT WE MIGHT NEED TO DO ONCE WE KNOW EXACTLY HOW WE ARE PROCEEDING, IF I'M GOING TO HAVE ANOTHER SET OF INDIVIDUAL CASES EITHER COME HERE OR IF YOU ARE GOING TO END UP BEING SENT TO ARKANSAS, YOU KNOW, WHAT DO WE NEED TO DO TODAY?

**MS. MARTIN:** CERTAINLY, YOUR HONOR.

SO ASIDE FROM DISCOVERY THINGS, I WOULD SAY THAT WE WOULD LIKE TO FILE A COMPLAINT ALL TOGETHER, GET OUR CONSOLIDATED PLEADING TOGETHER FOR THE FOUR CLASS CASES.

**THE COURT:** RIGHT. BUT THAT ASSUMES I GRANT THE MOTION TO CONSOLIDATE.

**MS. MARTIN:** IT DOES, BUT IF WE SET A SCHEDULE THAT WOULD ALLOW FOR THAT AFTER THE HEARING ON THE MOTION TO CONSOLIDATE, AND THEN IF THE MOTION TO CONSOLIDATE IS NOT GRANTED THEN THAT DEADLINE WAS GOING TO BE FOR IF ANY OF THE CLASS CASES WANTED TO AMEND THEIR COMPLAINTS IN ANY WAY PRIOR

TO GOING FORWARD.

SO THAT WAS FOR THE DATE THAT WE HAD SET THAT WAS THE DEADLINE FOR AMENDED CONSOLIDATED COMPLAINT. SO THAT WOULD BE SOMETHING IF YOUR HONOR IS INCLINED TO GRANT, THE CONSOLIDATION MOTION WE THINK COULD GO FORWARD, AND THAT'S WORK WE CAN DO JOINTLY ON THE PLAINTIFF'S SIDE, AND SINCE WE ARE THE FOUR CLASS ACTIONS, PUTTING ALL FOUR CLASS ACTIONS TOGETHER INTO ONE COMPLAINT, ASSUMING CONSOLIDATION IS GRANTED, WORK COULD BE DONE REGARDLESS OF THE OUTCOME OF THE MOTIONS PRACTICE POSITION BECAUSE THAT'S GOING TO NEED TO BE DONE WHEREVER THE CASES LAND.

SO THAT'S ONE OF PIECES. AND THEN OUR THOUGHT WAS THAT WE COULD EVEN GET INTO BRIEFING MOTION TO DISMISS BECAUSE NONE OF THE INDIVIDUAL CASES THAT ARE FILED ANYWHERE ELSE INVOLVE ANY CLAIMS THAT AREN'T ALREADY MADE IN THE CASES THAT YOU HAVE BEFORE YOUR HONOR.

SO IF THERE IS AN OMNIBUS MOTION TO DISMISS THAT IS PUT TOGETHER THAT IS GOING TO AUTOMATICALLY COVER ALL OF THE CLAIMS THAT ARE PLED IN ALL OF THE ARKANSAS CASES ANYWAY, AND SO THERE CAN BE SORT OF A BEGINNING OF THE PROCESS OF LOOKING AT THOSE CLAIMS THROUGH A RULE 12 LENS AND NOTHING IN THE ARKANSAS CASES, IF THEY ARE JOINED IN, EITHER HERE OR SOMEWHERE ELSE, WOULD BRING ANY NEW CLAIMS TO THE TABLE, AT LEAST WITH WHAT'S FILED RIGHT NOW.

**THE COURT:** OKAY. I MEAN, I GUESS THE THING --

RIGHT. AS IT STANDS, IT'S A LITTLE CONFUSING, RIGHT, BECAUSE -- AS IT STANDS, I THINK THE MOTION TO CONSOLIDATE WAS SET FOR NOVEMBER 19TH. I'M LOOKING AT THE PROPOSED DEADLINE HERE WAS NOVEMBER 13TH. WAS THAT ON THE ASSUMPTION THERE WAS NO OPPOSITION TO THE MOTION TO CONSOLIDATE?

**MS. MARTIN:** NO, IT IS -- WE DIDN'T REALIZE WHEN WE AGREED ON THE SCHEDULE THAT THE FIRST DATE FOR THE CONSOLIDATION MOTION WAS GOING TO BE THE 19TH.

**THE COURT:** I APOLOGIZE, WE ARE BUSY HERE TODAY.

**MS. MARTIN:** NO, IT'S OKAY, IT WAS ONE OF THE THINGS I WAS GOING TO RAISE WITH YOU THAT THAT DOESN'T MAKE A LOT OF SENSE AND WE WANTED TO TALK ABOUT THAT.

**MR. ALLEN:** YOUR HONOR, IF I MAY.

LOOK, OUR VIEW IS LET'S JUST WAIT BEFORE WE GET A CASE SCHEDULE. WE ARE GOING TO HAVE A LOT MORE CLARITY IN A FEW WEEKS FROM THE JPML WHETHER THERE'S MORE CASES ON CONSOLIDATION, ON SEVERANCE. SO LET'S JUST WAIT A FEW WEEKS BEFORE WE SET A CASE SCHEDULE AND THEN WE WILL KNOW WHAT'S GOING TO HAPPEN, WHERE ALL THE CASES ARE GOING TO BE.

AND I CERTAINLY DON'T THINK WE CAN BRIEF A MOTION TO DISMISS RIGHT NOW. MY CLIENT WANTS, TO THE EXTENT POSSIBLE, FILE AN OMNIBUS MOTION TO DISMISS THAT COVERS EVERY CASE, TO THE EXTENT WE CAN, AND ONE OF THE FUNDAMENTAL THINGS I NEED TO KNOW IS AM I BRIEFING THAT UNDER EIGHTH CIRCUIT LAW OR NINTH CIRCUIT LAW.

THERE MIGHT BE IN A DIFFERENCE IN SOME OF THE THOSE ISSUES, SO I DON'T REALLY DON'T THINK IT MAKES SENSE TO PROCEED WITH MOTION TO DISMISS PRACTICE OR SETTING A CASE SCHEDULE AT THIS POINT, AND WE WILL KNOW IN A FEW WEEKS WHETHER THERE'S GOING TO BE AN MDL, WHAT'S GOING TO BE CONSOLIDATED, WHAT'S GOING TO BE SEVERED AND THEN WE CAN SET AN ORDERLY PROCESS AT THAT POINT.

**THE COURT:** IS THERE ANY REASON WE SHOULDN'T -- I MEAN, I TAKE THE POINT OF THEIR PROPOSED DEADLINE, IT WAS THREE DAYS BEFORE WE SHOULD GET AN ORDER FROM THE MDL, PRESUMABLY IF WE MOVED IT BACK A WEEK, IT WOULD BE I THINK THE 21ST WHICH MAYBE WOULD BE TOO CRUEL, BUT -- OF DECEMBER -- BUT IS THERE ANY REASON NOT TO SET A FURTHER STATUS CONFERENCE, RIGHT NOW WE WILL SAY FOR NOVEMBER 19TH, SUBJECT TO WHATEVER, HOPEFULLY, AGREEMENT WE HAVE ABOUT WHAT IS GOING FORWARD?

AND WHAT I WOULD ASK IN ADVANCE OF THAT, I WOULD ASK THE PARTIES TO SET FORTH THE SCHEDULES THAT THEY THINK ARE APPROPRIATE IF CONSOLIDATION IS GRANTED AND THE SCHEDULES THEY THINK ARE APPROPRIATE IF CONSOLIDATION IS NOT GRANTED, AND IF SEVERANCE IS GRANTED AND IF SEVERANCE IS NOT GRANTED.

I MEAN, I GUESS -- YEAH. THE YOUR POSITION IS PROBABLY GOING TO BE THE SAME BUT YOU WOULD BOTH BE ENTITLED TO OFFER YOUR SEPARATE POSITIONS AS TO THAT ISSUE.

WE WOULDN'T SET A SCHEDULE AT THIS POINT. I DO THINK THE BIGGEST INFLECTION POINT IS GOING TO BE THIS QUESTION OF

WHETHER THE CASES ARE CONSOLIDATED, BECAUSE THEN IF I DO GRANT THE MOTION TO CONSOLIDATE, I WILL NEED TO SET IT IN LINE FOR A CONSOLIDATED COMPLAINT. YOU MAY WANT TO DISCUSS AMONGST YOURSELVES WHETHER YOU CAN AGREE THAT YOUR DEADLINE TO RESPOND TO THAT SHOULD BE A GREATER PERIOD OF TIME THAN IS PROVIDED BY DEFAULT UNDER THE FEDERAL RULES.

I UNDERSTAND IT'S POSSIBLE SOME OF THAT MIGHT CHANGE IF YOU ARE MDL'D AND YOU END UP GOING TO ARKANSAS, BUT THERE IS NOT A GREAT DEAL OF HARM IN HAVING A SCHEDULE SET, AND THE OTHER JUDGE CAN DECIDE IF IT'S THE APPROPRIATE SCHEDULE OR OTHERWISE.

**MR. ALLEN:** YOUR HONOR, I'M TRULY NOT TRYING TO BEAT A DEAD HORSE, I KNOW THE COURT HAS HEARD ME ON THIS. I DO THINK THAT'S A DECISION THAT SHOULD, IN THE FIRST INSTANCE, BE MADE BY THE COURT THAT GETS THE MDL IF ONE IS FORMED.

HOWEVER, IF THE COURT -- I'VE HEARD THE COURT ON THIS AND I'M FINE WITH SETTING A FURTHER STATUS CONFERENCE, AS THE COURT SUGGESTS, AND TALKING SCHEDULE AT THAT POINT.

**THE COURT:** WILL THAT WORK FOR PLAINTIFFS?

**MS. MARTIN:** YES, ABSOLUTELY, YOUR HONOR.

**THE COURT:** OKAY. SO THAT'S WHAT WE WILL DO.

RIGHT NOW WE ARE SETTING A FURTHER STATUS CONFERENCE FOR NOVEMBER 19TH. I UNDERSTAND THAT ESPECIALLY IF COUNSEL FOR ONE OF THE DEFENDANTS IS NOT AVAILABLE, THAT THAT IS A STANDING DATE. INCLUDE THAT IN YOUR DISCUSSIONS OF WHATEVER DATE WE

THINK SHOULD BE OUR DOE VERSUS X.AI, ET AL. DAY IN LATE NOVEMBER.

**MS. MARTIN:** EXCELLENT.

**MR. ALLEN:** THANK YOU, YOUR HONOR.

**MS. MARTIN:** THANK YOU, YOUR HONOR.

**THE COURT:** THOSE WERE THE THINGS ON MY LIST.

**MS. SHARP:** I JUST HAD ONE FOLLOW-UP QUESTION, YOUR HONOR, IF I MAY.

THANK YOU, YOUR HONOR. JUST ONE FOLLOW-UP QUESTION ON THE COLLOQUY THAT WE HAD EARLIER ABOUT GETTING GOING ON PROTECTIVE ORDERS, ESI, CSAM ORDERS.

ARE THERE -- DOES THE COURT HAVE A THOUGHT ON THE SCHEDULE FOR THAT AND WHETHER WE SHOULD SET SOME INTERIM MILESTONES BETWEEN NOW AND THE STATUS CONFERENCE FOR THE PARTIES TO MAKE SOME PROGRESS?

**THE COURT:** NO. I MEAN, I THINK THE PARTIES SHOULD WORK IN GOOD FAITH TO SEE IF THEY CAN REACH AGREEMENT, AND I THINK OBVIOUSLY THAT'S A PREDICATE TO MOVING FORWARD, ULTIMATELY. AND THESE ARE THE ONLY CLASS CASES, SO I DO THINK MOVING FORWARD AS TO THAT MAKES SENSE.

IF THE PARTIES ARE UNABLE TO REACH AGREEMENT OR NOT ENGAGING IN GOOD FAITH THEN THAT'S AN ISSUE TO RAISE WITH THE ASSIGNED MAGISTRATE JUDGE.

**MS. SHARP:** GOOD. THANK YOU VERY MUCH, YOUR HONOR.

**THE COURT:** DO WE HAVE THE SAME ASSIGNED MAGISTRATE

JUDGE IN ALL OF THE CASES AT THIS TIME?

**MS. MARTIN:** I'M NOT SURE WE EVEN HAVE A MAGISTRATE JUDGE.

**MR. ALLEN:** I'M SEEING NODS FROM BEHIND ME.

**MS. MARTIN:** I'M NOT SURE WE HAVE A MAGISTRATE JUDGE ASSIGNED, AM I CORRECT IN THAT?

**THE CLERK:** IN 2246, YES, IT'S JUDGE DEMARCHI.

**MS. SHARP:** I THINK JUDGE DEMARCHI HAS IT, YES.

**THE COURT:** ULTIMATELY -- PRESUMING IF THINGS ARE CONSOLIDATED THEN WE WILL HAVE A SINGLE MAGISTRATE JUDGE. IF THEY ARE NOT THEN IT NONETHELESS MAKES SENSE BUT IT'S SOMETHING FOR ME TO WORK THROUGH WITH THE CHIEF MAGISTRATE JUDGE ON THE BACK END.

ANYTHING ELSE FROM DEFENDANTS TODAY?

**MR. ALLEN:** NOT FROM US, YOUR HONOR.

**MR. CHAPUT:** NO, YOUR HONOR. THANK YOU.

**THE COURT:** ALL RIGHT. THANK YOU. HAVE A GOOD AFTERNOON.

**MS. SHARP:** THANK YOU VERY MUCH, YOUR HONOR.

**THE CLERK:** THANK YOU. COURT IS CONCLUDED.

(PROCEEDINGS CONCLUDED AT 3:57 P.M.)

CERTIFICATE OF REPORTER

I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

DATE: OCTOBER 19, 2026



______________________________________________

SUMMER A. FISHER, CSR, RPR, CRR, CSR NO. 13185
UNITED STATES DISTRICT COURT - OFFICIAL REPORTER