# EXHIBIT 2

**BEFORE THE UNITED STATES JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: x.AI/Grok Artificial Intelligence Minor Sexual Exploitation Litigation | MDL No. 3205 |

**DECLARATION OF W. DANIEL MILES, III IN SUPPORT OF RESPONSE OF PLAINTIFFS IN THE CONSOLIDATED CLASS CASES AND DOE V IN OPPOSITION TO MOTION FOR TRANSFER OF ACTIONS UNDER 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

I, W. Daniel Miles, III, declare as follows:

1. I am a Principal at Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., where I head the firm's Consumer Fraud and Commercial Litigation Section, and I am counsel for Plaintiffs in *Jane Doe I v. X.AI Corp.*, No. 5:26-cv-08567-PCP (N.D. Cal.). I am a member in good standing of the bar of Alabama, and am admitted *pro hac vice* in that action. *Doe III*, Dkt. 28. On October 22, 2026, Judge Pitts appointed me as one of four Interim Co-Lead Counsel for the Consolidated Class Cases. *Doe II*, Dkt. 103 ¶ 1. I submit this declaration in support of the Response of Plaintiffs in the Consolidated Class Cases and *Doe V* in Opposition to Motion for Transfer of Actions Under 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings (the "Response"). I have personal knowledge of the facts stated in this declaration, except where a statement is expressly based on my review of court records or on information provided by co-counsel, and if called as a witness I could and would testify competently to them.

2. In this declaration, "Consolidated Class Cases" refers to *Jane Doe 1 v. X.AI Corp.*, No. 5:26-cv-00772-PCP (N.D. Cal.) ("*Doe I*"); *Jane Doe 1 v. X.AI Corp.*, No. 5:26-cv-02246-PCP (N.D. Cal.) ("*Doe II*"); *Jane Doe I v. X.AI Corp.*, No. 5:26-cv-08567-PCP (N.D. Cal.) ("*Doe III*");

and *Jane Doe 1 v. X.AI Corp.*, No. 5:26-cv-09016-PCP (N.D. Cal.) ("*Doe IV*"). "*Doe V*" refers to *Doe 1 v. x.AI Corp.*, No. 5:26-cv-09617-PCP (N.D. Cal.). "Arkansas Actions" refers to the nine individual actions pending in the Western District of Arkansas: the eight listed on Movants' corrected Schedule of Actions (MDL Dkt. 3-2) and a ninth, *Jane Doe 2 v. X.AI Corp.*, No. 5:26-cv-05291-TLB (W.D. Ark.), filed on October 13, 2026. "Tr." refers to the transcript of the October 15, 2026 hearing (*Doe I*, Dkt. 97) excerpts of which are attached to the Response as Exhibit 1.

3. **Filing dates of the Northern District of California actions.** *Doe I* was filed on January 23, 2026; *Doe II* was filed on March 16, 2026; *Doe III* was filed on August 18, 2026; *Doe IV* was filed on August 26, 2026; and *Doe V* was filed on September 4, 2026.

4. **Relation.** Judge P. Casey Pitts has presided over *Doe I* since January 26, 2026. *Doe I*, Dkt. 5. On March 26, 2026, he related *Doe I* and *Doe II*. *Doe I*, Dkt. 25. On September 22, 2026, he entered an order relating *Doe III*, *Doe IV*, and *Doe V* to those actions. *Doe I*, Dkt. 79. A stipulated protective order has been in effect in *Doe I* since March 11, 2026. *Doe I*, Dkt. 21.

5. **Stay and transfer motions in *Doe I*.** On September 28, 2026, Judge Pitts denied the defendants' motion to stay *Doe I* and their motion to transfer *Doe I* to the Northern District of Texas under 28 U.S.C. § 1404(a). *Doe I*, Dkt. 80.

6. **Rule 26(f) conference and discovery.** Counsel for the parties in *Doe II* held a Rule 26(f) conference on October 7, 2026. The plaintiffs' proposed schedule is set out at *Doe II*, Dkt. 72 at 19-20. At the October 15, 2026 case management conference, Judge Pitts confirmed that discovery is open in *Doe II*, declined to set a full case schedule pending decisions on consolidation, severance, and the Motion, and set a further status conference. Ex. 1, Tr. 44:23–45:9, 48:8–49:23; *Doe I*, Dkt. 96. On October 21, 2026, plaintiffs in *Doe II* served Plaintiffs' First Sets of Interrogatories, Requests for Production, and Requests for Admission on the xAI defendants.

7. **Consolidation.** On October 9, 2026, plaintiffs in each of the Consolidated Class Cases filed motions to consolidate the Consolidated Class Cases for all pretrial purposes under *Doe I* and to coordinate *Doe V* for pretrial purposes. *Doe I*, Dkt. 84; *Doe II*, Dkt. 75; *Doe III*, Dkt. 32; *Doe IV*, Dkt. 29. On October 22, 2026, plaintiffs in the Consolidated Class Cases and *Doe V* and the xAI defendants stipulated to consolidate the Consolidated Class Cases for all pretrial purposes under *Doe I* as the lead case, with a single consolidated amended complaint, and to coordinate *Doe V* with the Consolidated Class Cases for pretrial purposes. *Doe II*, Dkt. 104. Plaintiffs in *Doe II* and the Stability defendants separately stipulated to sever the claims against Stability into a new action. *Id.* On October 23, 2026, Judge Pitts entered the stipulated order consolidating the Consolidated Class Cases for all pretrial purposes and coordinating *Doe V* with them. *Doe II*, Dkt. 106.

8. **Leadership and preservation motions.** At the October 15, 2026 hearing, Judge Pitts denied the plaintiffs' motion for a preservation order (*Doe II*, Dkt. 49) based on the defendants' representations regarding their preservation efforts (Ex. 1, Tr. 29:17–30:4) and directed plaintiffs to submit within seven days an updated proposed order on the motions concerning appointment of interim co-lead counsel (*Doe II*, Dkts. 41, 53, 54, 73) limited to the four Consolidated Class Cases. *Id.* at 36:10–15. On October 22, 2026, Judge Pitts granted the motion and appointed me along with E. Michelle Drake of Berger Montague; Annika K. Martin of Lieff Cabraser Heimann and Bernstein; and Dena C. Sharp of Girard Sharp LLP, as Interim Co-Lead Counsel for the Consolidated Class Cases. *Doe II*, Dkt. 103 ¶ 1. The order "shall relate only to the manner in which the four above-captioned Related Class Cases will proceed, pending a decision on consolidation." *Id.* ¶ 2.

9. **October 15, 2026 hearing.** On October 15, 2026, Judge Pitts held a hearing in the Northern District of California actions. I appeared on behalf of the *Doe III* plaintiffs. Ex. 1, Tr. 4:1–2. Judge Pitts denied the defendants' motion to stay the Northern District of California actions pending the Panel's decision on the Motion. *Doe I*, Dkt. 96; Ex. 1, Tr. 20:2–11. A true and correct copy of excerpts of that transcript are attached to the Response as Exhibit 1.

10. **Status of pleadings.** As of the date of this declaration, no defendant has answered or moved to dismiss in any of the Northern District of California actions.

11. **Arkansas Actions.** I have reviewed the docket sheets for each of the Arkansas Actions on PACER. Based on that review, the filing date and counsel of record for plaintiffs in each of the nine individual actions pending in the Western District of Arkansas, including the eight listed on Movants' corrected Schedule of Actions and the ninth, related action, are as follows:

| Case No. (W.D. Ark.) | Filed | Plaintiffs' Counsel |
|---|---|---|
| 5:26-cv-05241-TLB | September 17, 2026 | The Potts Law Firm |
| 5:26-cv-05193-TLB | August 6, 2026 | The Potts Law Firm |
| 5:26-cv-05218-TLB | August 26, 2026 | The Potts Law Firm |
| 5:26-cv-05204-TLB | August 13, 2026 | The Potts Law Firm |
| 5:26-cv-05226-TLB | September 3, 2026 | The Potts Law Firm |
| 5:26-cv-05242-TLB | September 17, 2026 | The Potts Law Firm |
| 5:26-cv-05231-TLB | August 3, 2026 | Carney Bates & Pulliam, PLLC |
| 5:26-cv-05232-TLB | August 4, 2026 | Carney Bates & Pulliam, PLLC |
| 5:26-cv-05291-TLB | October 13, 2026 | The Potts Law Firm |

12. Based on the same review, as of October 27, 2026, the only motions filed in the Arkansas Actions are the defendants' motions to stay pending the Panel's decision on the Motion and plaintiffs' motions to proceed under pseudonyms, and the joint motion for case coordination described below; no motion has been decided; and the court has set only one case (5:26-cv-05241-

TLB) for a status conference. The defendants filed their stay motions on October 8 and 9, 2026. *Jane Doe 2 v. X.AI Corp.*, No. 5:26-cv-05291-TLB (W.D. Ark.), Dkt. 6 ¶ 6. On October 22, 2026, Movants' counsel, on behalf of the plaintiff in *Jane Doe 2*, and the defendants filed a Joint Motion for Case Coordination asking the court to coordinate all nine Arkansas Actions for pretrial proceedings, after conferring with counsel for the plaintiffs in Nos. 5:26-cv-05231 and 5:26-cv-05232. *Id.* ¶¶ 3, 7–10. The joint motion states that the plaintiff in *Jane Doe 2* has not yet served the defendants, who have agreed to waive service, *id.* ¶ 2, and proposes that amended complaints be filed by November 24, 2026; that a protective order governing the disclosure of the identities of the plaintiffs and of any individual who allegedly generated the content at issue be submitted by December 7, 2026; and that the defendants answer or file a single, consolidated motion to dismiss by January 13, 2027, *id.* ¶ 10.

13. **Pre-filing contact and Section 1404 transfer.** Before the Motion was filed on October 2, 2026, no attorney from The Potts Law Firm contacted me regarding coordination of the Arkansas Actions with the Northern District of California actions. Based on my inquiry of co-counsel in each of the Consolidated Class Cases, I am informed that no attorney from The Potts Law Firm contacted them to discuss the possible coordination before the Motion was filed. Immediately after the Motion was filed, counsel for plaintiffs in the Consolidated Class Cases asked Movants' counsel whether Movants would agree to transfer their actions to the Northern District of California under 28 U.S.C. § 1404(a). Movants' counsel declined.

14. **Coordination proposal.** I am authorized by counsel for plaintiffs in each of the Consolidated Class Cases to state that, whether or not the Panel orders centralization, plaintiffs in the Consolidated Class Cases are prepared to coordinate with counsel in the Arkansas Actions, and to propose to both courts, the following measures: (a) cross-noticing of all depositions of the

defendants' current and former officers and employees in both districts, so that each witness is deposed once on common subjects; (b) a common protective order and ESI protocol; (c) document production stipulations among all parties that provide access for all plaintiffs' counsel, including counsel in the Arkansas Actions, to the defendants' document productions, subject to the applicable protective order; and (d) coordinated briefing on overlapping Rule 12 issues. Coordination with Movants' counsel is already underway. I am informed by Annika K. Martin, my fellow Interim Co-Lead Counsel, that on October 23, 2026, Movants' counsel told her that they wish to coordinate with counsel in the Consolidated Class Cases on a protective order and ESI order, on amending pleadings, and on motion-to-dismiss briefing, and that they selected the deadlines proposed in the Arkansas joint motion with the Consolidated Class Cases' proposed schedule in mind. Counsel in the Consolidated Class Cases have agreed to share their proposed protective order and ESI order with Movants' counsel once those orders are finalized.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. § 1746.

Executed on October 27, 2026, in Montgomery, Alabama.

*<u>/s/ W. Daniel "Dee" Miles, III</u>*

W. Daniel "Dee" Miles
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
Dee.Miles@BeasleyAllen.com
218 Commerce Street
Montgomery, AL 36104
Telephone: 334.269.2343
Facsimile: 334.954.7555